UNITED STATES, Appellee

v

THOMAS LEE ANDREWS, Private First Class, U. S. Army, Appellant

16 USCMA 20, 36 CMR 176

No. 18,817

February 4, 1966

*Captain John C. Holzer* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Martin S. Drucker,* and *Captain Robert T. Webster.*

*Captain Robert B. Lee* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

### Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial, convened by Eighth United States Army Support Command at Seoul, Korea, the accused was found guilty of wrongful appropriation of a motor vehicle and negligent homicide, in violation of Uniform Code of Military Justice, Articles 121 and 134, 10 USC §§ 921, 934. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. The convening authority reduced the period of confinement adjudged to eighteen months. The board of re-

view affirmed only so much of the sentence as provided for bad-conduct discharge, total forfeitures, and confinement at hard labor for one year. We granted accused's petition for review on the issue whether the law officer erred prejudicially in admitting evidence that accused, in reliance on his rights under Code, supra, Article 31, 10 USC § 831, refused to submit to a blood-alcohol test.

The evidence of which complaint is made consisted of testimony by Dr. Balikian that the accused, when brought to an Army dispensary, was warned of his rights. He "refused initially" to take the test "and about five minutes later . . . agreed." As to what thereafter transpired, Dr. Balikian declared:

". . . Then it went back and forth about four or five time[s] of refusing or accepting. At that point I decided that even if he consented this was not a legally accepted test and could not give a normal alcohol test score if given."

No further reference was made to the matter by either side. Other evidence, including the accused's own voluntary statement, indicated he had been drinking on the day in question. En route from Seoul, Korea, to a companion's unit, Andrews was driving at a speed of fifty to fifty-five miles per hour. His own words describe what occurred as follows:

". . . As I was crossing a bridge and comming [sic] upon a bus I started to slow down, the bus pulled over to miss a Korean male pushing a cart but I was so close on the man that I hit him with the right front of the jeep. At this time I had slowed down to about 45 to 50 miles per hour. After I hit the Korean I started to hit the brakes but hit the gas pedal instead. The next thing I remember was going down a bank into a rice paddy."

The speed limit at the place of the incident was twenty miles per hour. After striking the victim, the vehicle dragged him 54 feet and continued on 181 additional feet until it swerved off the road, down a steep embankment, and 105 feet further out into the rice paddy.

The receipt of testimony concerning accused's alleged refusal to submit to a blood-alcohol test, equivocal as it was, was clearly error. United States v Russell, 15 USCMA 76, 35 CMR 48; United States v Kemp, 13 USCMA 89, 32 CMR 89; United States v Brooks, 12 USCMA 423, 31 CMR 9; United States v Bayes, 11 USCMA 767, 29 CMR 583. As we said in *Russell,* supra, at page 81:

". . . More fundamental to the issue at hand is the basic right of an accused not to speak at all, and the fact that refusal to do so at an earlier time may not be paraded before the court. . . ."

See also Grunewald v United States, 353 US 391, 1 L ed 2d 931, 77 S Ct 963 (1957).

This conclusion, however, ends only the first part of our inquiry, for the question of the effect of introduction of an accused's alleged reliance on his rights under Code, supra, Article 31, is, unlike the rule as to his statements, governed by the standard of specific prejudice.

We had occasion recently to review this matter. In United States v Workman, 15 USCMA 228, 35 CMR 200, at page 234, we unanimously stated:

". . . [T]he real issue is whether its admission in the course of the agent's testimony and the absence of an instruction thereon was prejudicial. *That such involves the standard of specific prejudice is not open to doubt.* Code, supra, Article 59, 10 USC § 859; United States v Bolden, supra; United States v Hickman, 10 USCMA 568, 28 CMR 134." [Emphasis supplied.]

Turning to the evidence, we find on the one side proof that accused equivocated between submitting to the test and relying on Code, supra, Article 31, until the witness finally decided not to administer · it on the basis that "even if ·. . . [accused] consented,"

**21**

it was "not a legally accepted test and could not give a normal alcohol test score." Balanced against this is the overwhelming evidence that accused, as found, was negligent in operating the motor vehicle, quite without regard to the state of his sobriety. Thus, he himself admits he was traveling at almost three times the permitted speed and was following so closely upon a bus that, when it pulled out to pass, he was unable to control his vehicle so as to avoid striking the deceased and his pushcart. The physical evidence also tends fully to support his confession of neglect, for it shows the victim was dragged 54 feet and that the jeep thereafter careened 286 feet down the highway into the rice paddy. On these uncontradicted matters, an absence of due care proximately resulting in the death of the victim is so clearly made out there was simply no room for the court to have considered accused's alleged reliance on his rights to his detriment. United States v Workman, supra. We accordingly conclude the error did not prejudice his substantial rights. Code, supra, Article 59, 10 USC § 859.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KIL-DAY concur.