UNITED STATES, Appellee

v

HOWARD L. JONES, Private First Class,
U. S. Army, Appellant

16 USCMA 22, 36 CMR 178

No. 18,840

February 4, 1966

First Lieutenant John Kagel argued the cause for Appellant, Accused. With him on the brief were Colonel Joseph L. Chalk and Lieutenant Colonel Martin S. Drucker.

Captain Stephen G. Weiss argued the cause for Appellee, United States. With him on the brief were Colonel Joseph J. Crimmins and Lieutenant Colonel Francis M. Cooper.

FERGUSON, Judge:

Private First Class Jones stands before us convicted of two counts of wrongful disposition of Government property, in violation of Uniform Code of Military Justice, Article 108, 10 USC § 908, and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. Our grant of his timely petition for review was occasioned by the prosecution's introduction in evidence of a pretrial statement which, *inter alia*, contained the following question and answer:

"Q: Why did KONG involve you in the theft of the generator?

"A. I decline to answear [sic] that question."

As we have said many times, the pretrial reliance of the accused upon his rights under Code, supra, Article 31, 10 USC § 831, by declining to make a statement, is inadmissible in evidence against him. United States v Andrews, 16 USCMA 20, 36 CMR 176; United States v Russell, 15 USCMA 76, 35 CMR 48; United States v Kemp, 13 USCMA 89, 32 CMR 89; United States v Brooks, 12 USCMA 423, 31 CMR 9; United States v Bayes, 11 USCMA 767, 29 CMR 583. Parenthetically, we note this case arose in the same command as United States v Andrews, supra, and at roughly the same time. In consequence, we believe a perusal of the above-cited opinions would be of value to trial personnel there and serve to eliminate this all too frequent source of error. We might add there seems to be little utility in including an accused's refusals to answer in statements taken by military investigators. As we have noted, they cannot be used against him, as their only possible impact on court members is to create an impermissible inference of guilt from accused's reliance upon his rights. Hence, they have no value as evidence and, on the contrary, lead, as here, to commission of error. They would, therefore, be better omitted from pretrial statements or, if taken, masked prior to the document's submission as evidence.

Be that as it may, we must inquire further into the circumstances of the case before us, for, while it be error to receive this portion of accused's statement, its effect is to be judged by the standard of specific prejudice as set forth in Code, supra, Article 59, 10 USC § 859. United States v Andrews, supra; United States v Workman, 15 USCMA 228, 35 CMR 200.

Turning to the evidence, we find that it is in substantial conflict regarding specification 1, which involved the wrongful disposition of a generator, and to which accused's statement, including his refusal to answer, alluded. According to one Kong, a Korean national, he merely accompanied the accused on a purported road test of an Army truck. The generator was in the back of the truck, and Kong subsequently assisted accused in its sale, delivering the proceeds thereof to him. The accused claimed, however, that it was he who passively accompanied Kong and that he was not aware of the presence of the generator until the truck was unloaded. He admitted that he thereafter accepted a portion of the proceeds from Kong, but denied any participation in the transaction.

In support of the accused's version is the fact that Kong was the regularly assigned driver of the vehicle and the testimony of the generator's buyer that accused remained in the truck cab while Kong negotiated the item's sale; that payment was made to Kong; and that Kong was the truck's driver when it arrived at his place of business.

From the foregoing, it is quite apparent it was open to the court to find the accused no more than a bystander to the illegal disposition of the generator by Kong. Cf. United States v McCarthy, 11 USCMA 758, 29 CMR 574. Unlike United States v Andrews, supra, there is not here that clear and convincing evidence of accused's guilt which would remove the fair risk that the court, faced with two inconsistent versions of what had transpired, solved its dilemma by tossing into the balance the accused's pretrial reliance upon his

rights. United States v Bolden, 11 USCMA 182, 28 CMR 406 ; United States v Kowert, 7 USCMA 678, 23 CMR 142. Under the circumstances, therefore, we find the erroneous receipt of accused's refusal to answer concerning Kong's involving him in the sale of the generator prejudicial to his rights so far as specification 1 of the Charge is concerned. The situation is otherwise with respect to specification 2 of the Charge. That count relates to the wrongful disposition of engineering equipment, and neither Kong's testimony nor the accused's pretrial refusal to answer had any relation to this offense. It was established by the competent testimony of other witnesses who established the theft of the equipment by the accused; its delivery to his girl friend's abode, there to be held until picked up by a Mr. Chong; and Chong's sale of the property to its eventual purchaser. Under the circumstances, as in United States v Andrews, supra, there is no fair risk the court was affected in its deliberations by proof that the accused had, concerning the other, unconnected charge, chosen not to answer his interrogator's inquiry. Accordingly, the findings of guilty as to this specification may be affirmed.

The findings of guilty of specification 1 of the Charge are set aside. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Army. The board may reassess the sentence on the basis of the remaining findings of guilty or direct a rehearing on specification 1 and the penalty.

Chief Judge QUINN and Judge KILDAY concur.