UNITED STATES, Appellee

v

JAMES K. BURNS, JR., Airman Second Class
U. S. Air Force, Appellant

17 USCMA 39, 37 CMR 303

No. 20,051
May 12, 1967

Colonel Joseph Buchta and Lieutenant Colonel Carl R. Abrams were on the pleadings for Appellant, Accused.

Colonel James R. Thorn and Lieutenant Colonel David B. Stevens were on the pleadings for Appellee, United States.

Opinion of the Court

FERGUSON, Judge:

Convicted by general court-martial of four specifications of forgery, in violation of Uniform Code of Military

Justice, Article 123, 10 USC § 923, the accused was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year, and reduction. Intermediate appellate authorities affirmed, and accused has petitioned this Court, alleging, *inter alia,* that his pretrial statements should not have been received in evidence against him in view of his interrogator's failure to advise him of his rights to counsel in accordance with the decision of the Supreme Court in Miranda v Arizona, 384 US 436, 16 L ed 2d 694, 86 S Ct 1602 (1966).

From the record, it appears that accused, suspected of the offenses in question, was summoned to the Office of Special Investigations and there interrogated after being warned of his rights under Code, supra, Article 31, 10 USC § 831, and that he was entitled to " 'consult with legal counsel if you so desire.' " In United States v Tempia, 16 USCMA 629, 37 CMR 249, decided April 25, 1967, we held the interrogation rules laid down in *Miranda,* supra, were applicable in the armed services, and that a warning similar to that given here was insufficient to meet such requirements. We there likewise pointed out that an interrogation by a military investigator in the Office of Special Investigations, under the circumstances depicted, was custodial in nature and, hence, that the *Miranda* doctrine applied to bar use of the accused's confession. We reach an identical conclusion here. In light of the agent's failure to advise accused properly regarding his entitlement to counsel, the statements thereafter obtained from him were not admissible and, on defense counsel's proper objection, should have been excluded. Their receipt in evidence was prejudicial error.

The accused's petition for review is granted. The findings of guilty and sentence are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.