## UNITED STATES, Appellee

v

## DAVID E. KOCH, Captain, U. S. Air Force, Appellant

### 17 USCMA 79, 37 CMR 343

No. 18,488

June 9, 1967

*Lieutenant Colonel Joseph B. McMullin* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph Buchta.*

*Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief were *Colonel Emanuel Lewis* and *Lieutenant Colonel Robert M. Haynes.*

## Opinion of the Court

FERGUSON, Judge:

The accused stands before us convicted of disobedience of an order, in violation of Uniform Code of Military Justice, Article 90, 10 USC § 890, to take a physical examination, incident to his administrative separation from the Air Force, and sentenced to dismissal and forfeiture of all pay and allowances. On our initial consideration of the petition in the case, we remanded it to the board of review for an inquiry into the mental capacity of the accused. Our action was based on matters involved in the background of the alleged offense and accused's insistence on representing himself at the trial, both of which gave rise to a serious question as to his ability to cooperate in or carry on his own defense. As the accused had been since placed on inactive duty and refused to submit to any psychiatric examination, the board submitted the entire record to psychiatric consultants in the Office of the Air Surgeon General. They concluded:

"The accused *was* suffering from a mental defect which affected his ability to intelligently conduct or cooperate in his own defense. [The

**79**

same defect was present during board proceedings.]"

In effect, the doctors say the accused is suffering from mental defects which cause him to become so obsessed with minor points that he can never accomplish the major job to be done in any field of endeavor. He suffers from "a severe personality disorder of the obsessive compulsive type complicated by paranoid features" which impaired his ability to conduct his own defense and to participate intelligently in his defense. On further inquiry by the board, the doctors again replied:

"a. At the time of the trial of the case, the accused was unable to intelligently cooperate in his own defense to a significant degree.

"b. At the time of the trial the accused was able to intelligently conduct his own defense to some degree. It is difficult to quantify the degree in a single word. It was for this reason that the prior letter from this office attempted to describe the manner in which the officer's ability in this regard was impaired. However, it would be reasonable to state that, despite some impairment, his ability to conduct his own defense was not absent and was more than negligible."

The board of review nevertheless reaffirmed the findings and sentence, one member dissenting.

Under the peculiar circumstances here presented, we conclude a substantial issue of accused's mental capacity to cooperate in his own defense existed both at the time of trial and on appeal. Basically, this is a question of fact for the members of the court-martial and is best resolved at that level. United States v Brux, 15 USCMA 597, 36 CMR 95. Whether such is always required or whether the board of review itself may finally dispose of the question when first raised on appeal need not now detain us. Compare Brux, supra, with United States v Thomas, 13 USCMA 163, 32 CMR 163, United States v Korzeniewski, 7 USCMA 314, 22 CMR 104, and United States v Jacks, 8 USCMA 574, 25 CMR 78. This case is *sui generis*. When, as here, from the inception of the proceedings, it should have been apparent to all that accused's mental state was questionable[1] and that inquiry therein was demanded, we believe that further consideration should be had at the trial level, where, as we noted in United States v Schalck, 14 USCMA 371, 34 CMR 151, at page 374, "testimony can be taken, witnesses examined, and testimony offered in rebuttal." In this manner, the rights and interests of the accused and the Government will be preserved. United States v Thomas, supra.

We are, however, immediately faced with further, practical considerations. The Government notes the accused is no longer on active duty and avers its certainty that he will never voluntarily return for psychiatric examination, having resisted such from the outset. It evinces no interest in a rehearing, under the circumstances, suggesting only the alternatives of affirmance or dismissal. As we have noted, the former course is not to be followed. There is no place in an American judicial process for affirmance of a criminal conviction when a substantial and serious question exists as to the accused's mental capacity. Left to us, then, are only the alternative courses of rehearing or dismissal. We have the discretion to choose the latter rather than the former. Code, supra, Article 67, 10 USC § 867; United States v Sheeks, 16 USCMA 430, 37 CMR 50. This litigation has lasted in excess of three years. The accused is no longer on active duty, and his return thereto may pose serious legal and practical problems. The Government, as noted, is not interested in further pursuing the matter in hand. Under all these circumstances, we believe it proper to elect dismissal of the charges here rather than to order a rehearing.

---

[1] Indeed, we are informed it was accused's mental condition which caused the Air Force to seek administratively to separate him, and it was fear of a possible psychiatric evaluation which led accused to refuse to submit to physical examination.

The decision of the board of review is reversed and the findings of guilty and the sentence are set aside. The charge is ordered dismissed.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

No intimation that the accused was anything but sane appears in the record of trial. A suggestion to that effect appeared in the papers filed in this Court. Consequently, we remanded the case to the board of review for the purpose of "inquiring into the mental responsibility of the accused at the time of the alleged offense; his capacity to stand trial therefor; and his capacity in connection" with such inquiry.

On remand, the accused refused to participate personally in any inquiry into his mental capability. However, the board of review submitted the issues to the Air Force Surgeon General's office. The last report from that office indicated there was no evidence to show the accused was suffering from mental defect or disease impairing his ability to distinguish right from wrong as to the offense charged or affecting his ability to adhere to the right; and that while he suffered from a mental defect at the time of the proceedings then pending, that condition did not affect his "capacity to understand the nature of the appellate proceedings." The report further indicated that at the time of trial, the accused suffered from a mental defect, but "despite some impairment, his ability to conduct his own defense was not absent and was more than negligible."

The board of review determined all the issues, comprehended in our mandate, in favor of the accused's mental responsibility. There is an abundance of evidence to support their conclusions. I would, therefore, affirm the decision of the board of review.