UNITED STATES, Appellee

v

DENNIS L. HARDY, Private First Class,
U. S. Marine Corps
and
STEPHEN C. BEERS, Lance Corporal,
U. S. Marine Corps, Appellants

17 USCMA 100, 37 CMR 364

No. 20,038

June 16, 1967

*Lieutenant J. Arthur Bruno*, USNR, argued the cause for Appellants, Accused.

*Commander Walter F. Brown*, USN, argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

On September 20, 1966, a general court-martial in Da Nang, Republic of Vietnam, convicted the accused of larceny of property of a value less than $20.00 and housebreaking, in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 USC §§ 921 and 930, respectively. It sentenced them to confinement at hard labor for four months, partial forfeiture of pay for the same period, and reduction to pay grade E-1. At the direction of the Judge Advocate General of the Navy, the case was referred to a board of review, which considered various assignments of error dealing with pre-trial incriminating statements by each

accused and decided the issues against them.

The Judge Advocate General referred the case to this Court to consider whether the "law officer [was] correct in admitting the pre-trial statements . . . into evidence and in instructing . . . that it is not necessary that an accused be informed that he has a right to counsel during interrogation?" See Articles 66, 67, and 69, Code, supra, 10 USC §§ 866, 867, and 869, respectively. At the same time, the accused petitioned for grant of review, alleging essentially the same questions of law. Since the Uniform Code does not authorize appeal to this Court by an accused in a case in which the sentence as approved by the convening authority does not include a punitive discharge or confinement for one year or more, we dismissed the petition for grant of review. *Id.;* United States v Reid, 12 USCMA 497, 31 CMR 83.

Turning to the certified question, the record indicates defense counsel objected separately to the admission in evidence of certain oral and written pretrial statements made to a Marine Corps criminal investigator at his office on the ground the accused had not been preliminarily advised of the "right to the presence of an attorney, either retained or appointed," as prescribed in Miranda v Arizona, 384 US 436, 444, 16 L ed 2d 694, 86 S Ct 1602 (1966). The objections were overruled. Later, the law officer instructed the court-martial that in determining the voluntariness of the statements of each accused it was "not necessary that such person be informed that he has a right of counsel during the interrogation, and such is not required."

Our recent decision in United States v Tempia, 16 USCMA 629, 635, 37 CMR 249, pointed out that the procedural safeguards formulated by the Supreme Court in the Miranda case are "constitutional in nature" and, as such, are applicable to courts-martial. As a result, military law enforcement officers must, among other things, inform a suspect or accused before questioning him that he has a right to counsel at the interrogation, and if he cannot afford a lawyer one will be appointed to represent him. It is apparent, therefore, that if the occasion required preliminary advice by the investigator, defense counsel's reliance upon *Miranda* was well-founded, and the law officer's ruling was erroneous. United States v McCauley, 17 USCMA 81, 37 CMR 345. However, appellate Government counsel contends that the factual predicate for requiring the preliminary advice was not present and, therefore, the law officer's ruling was correct. Briefly, the argument proceeds as follows: *Miranda* requires an atmosphere of coercion which the Supreme Court subsumed in the term "custodial interrogation"; the burden of establishing that an incriminating statement was made in a situation which deprived the accused of his freedom of action rests upon the accused; that burden was not met here because there is no evidence to indicate the reason for the appearance of each accused in the investigator's office; it may be, argues the Government, that each sought out the agent on his own initiative for the express purpose of making the oral and written statements. In support of its argument that the accused has the burden of establishing a "custodial interrogation" situation, the Government refers to a number of cases holding that the defendant has the burden of proving a violation of the *McNabb* rule,[1] which excludes from evidence incriminating statements made during a period of unreasonable delay between arrest and arraignment. United States v Walker, 176 F2d 564 (CA 2d Cir) (1949); Pierce v United States, 197 F2d 189 (CA DC Cir) (1952).

The *McNabb* rule was not designed to safeguard constitutional rights; rather, it was established by the Supreme Court as a judicial device to guard against the overzealous or despotic police officer, who failed to comply with his duty to take a person under arrest to the nearest judge or com-

---

[1] McNabb v United States, 318 US 332, 87 L ed 819, 63 S Ct 608 (1943).

missioner for preliminary hearing. McNabb v United States, 318 US 332, 343, 87 L ed 819, 63 S Ct 608 (1943). The advice required by *Miranda* is of constitutional import. The distinction is acknowledged in some of the cases cited by the Government. Thus, in the *Walker* case, at page 567, the Court of Appeals noted that as to a pretrial confession "the prosecution . . . must, as a condition of its reception, make affirmative proof" that it was voluntary. Accord: United States v Leviton, 193 F2d 848, 854 (CA2d Cir) (1951). That is also the rule in the military. Manual for Courts-Martial, United States, 1951, paragraph 140a. Assuming the validity of the cases cited to us in regard to a violation of the *McNabb* rule, they do not apply to the situation presented by this case.

What is involved here is not judicial supervision of rules of evidence, but constitutional rights of an ■ accused. The particular rights involved are the right against self-incrimination and the right to assistance of counsel. We recognized the interrelationship of the two in a situation affecting the voluntariness of a confession in United States v Odenweller, 13 USCMA 71, 32 CMR 71. There, we determined that the Government has the burden of proving that an accused or suspect was not deprived of, or denied, the right to counsel when asked to make a statement. See also United States v Houston, 15 USCMA 239, 35 CMR 211, and United States v Traweek, 16 USCMA 50, 36 CMR 206. The *Odenweller* rationale compels the conclusion that, when a law enforcement agent obtains a statement from an accused, or a suspect, the burden rests upon the Government to prove compliance with the *Miranda* safeguards for a voluntary statement, or to demonstrate that the statement was made under circumstances in which the accused had full freedom of choice and conduct.

Here, the investigator who obtained the statements admitted he knew each accused was a "suspect." ■ His testimony clearly implies that the accused appeared at his office in response to his request. Common knowledge of the lack of freedom of movement by military personnel, especially during normal working hours, supports an inference that the accused were directed by a superior to go to the agent's office. The circumstances, therefore, appear to be the same as in *Tempia*, which we determined were of a "custodial interrogation" nature. The agent himself apparently believed he had to warn the accused of their rights. The record indicates he made a sincere effort, but his advice went only as far as military law required at that time. Unfortunately, that was not as far as *Miranda* went; and his advice was insufficient. United States v McCauley, supra. It follows, therefore, that defense counsel's objections to the admission in evidence of the pretrial statements should have been sustained.

We answer the certified question in the negative, and reverse the decision of the board of review. In view of the limited sentence originally imposed, and the fact that the confinement portion had been ordered executed by the convening authority, a rehearing at this time would serve no useful purpose. United States v Sheeks, 16 USCMA 430, 37 CMR 50; United States v Koch, 17 USCMA 79, 37 CMR 343. Accordingly, the charges are ordered dismissed.

Judges FERGUSON and KILDAY concur.