UNITED STATES, Appellee

v

GEORGE W. ROAN, JR., Storekeeper Third Class, U. S. Navy, Appellant

17 USCMA 163, 37 CMR 427

No. 20,239

July 28, 1967

*Lieutenant J. Arthur Bruno*, USNR, was on the pleadings for Appellant, Accused.

*Commander Walter F. Brown*, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Appellant was arraigned before a special court-martial convened at the U. S. Naval Supply Depot, Yokosuka, Japan, charged with assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He pleaded not guilty but was found guilty and sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeitures of $86.00 per month for six months, and reduction to the grade of Seaman Recruit. The convening authority approved the sentence. The supervisory authority then affirmed the sentence as approved by the convening authority. A board of review in the office of the Judge Advocate General of the Navy affirmed the findings of guilty and the sentence.

The appellant has petitioned this Court for a grant of review claiming that the Government failed to properly advise him of his constitutional right to counsel prior to obtaining certain incriminating statements from him.

The record shows that the accused was interrogated, as a suspect, by a special agent for Naval Intelligence on August 23, 1966. Before giving his statement, introduced over defense objection into evidence as a prosecution

163

exhibit, the appellant was warned of his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831. He was told that he could consult with legal counsel "at any time he desired." He was not, however, advised that he had a right to have a lawyer present when questioned. In a court-martial tried on or after June 13, 1966, such an omission constitutes reversible error (United States v Tempia, 16 USCMA 629, 37 CMR 249; United States v McCauley, 17 USCMA 81, 37 CMR 345). This case, heard September 19, 1966, is within the coverage of the above cases. Accordingly, the appellant's petition for review is granted. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.