UNITED STATES, Appellee

v

ALEC W. STANLEY, Jr., Airman Second Class,
U. S. Air Force, Appellant

17 USCMA 384, 38 CMR 182

No. 20,483

February 9, 1968

Colonel *Dwight R. Rowland* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Carl R. Abrams* and *Major Frank W. Lane, Jr.*

*Lieutenant Colonel William F. Rutherford* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

## Opinion of the Court

Ferguson, Judge:

Tried by a special court-martial convened at Webb Air Force Base, Texas, the accused was found guilty of three specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and sentenced to bad-conduct discharge, confinement at hard labor for three months, forfeiture of $64.00 per month for three months, and reduction. The supervisory authority disapproved the findings of guilty as to one specification and modified the sentence. The board of review affirmed, and the Judge Advocate General, United States Air Force, certified the case here upon the following question:

"WAS THE BOARD OF REVIEW COR-RECT IN HOLDING THAT PROSECUTION EXHIBIT 2 WAS ADMISSIBLE IN EVI-DENCE?"

In addition, we granted accused's petition for review upon the question whether a reference at trial to the ac-

384

cused's pretrial reliance upon his right to remain silent was prejudicially erroneous.

I

At approximately 9:55 p.m., April 20, 1967, air police were directed to the off-base parking lot at Webb Air Force Base to investigate certain activities then going on. They found the accused lying under an automobile belonging to an Airman Warthan. The drive shaft was missing from Warthan's car and the transmission was hanging down. The accused's clothing was covered with grease and a wrench was lying beside him. The missing drive shaft was in a car which the accused was using on that particular evening. Stanley was placed under apprehension and removed to the guardhouse. Subsequently, on April 24, 1967, he was interrogated by a Sergeant Blakeslee, who read him Code, supra, Article 31, 10 USC § 831, and advised him that he was suspected of larceny. The sole evidence regarding advice as to the accused's right to counsel is as follows:

"Q. Did you inform him that he might have a lawyer present, either civilian or military?
"A. Yes, Sir."

In addition, the statement itself, as read into the record, notes, " '[h]e further advised me that I may have legal counsel who may be present during the questioning.' "

The record is entirely silent as to whether accused was informed that he might have a military lawyer appointed without charge in the event he could not afford an individual attorney at his own expense or whether, after being informed of his rights, he knowingly and intelligently elected to waive them.

Under the circumstances, it would clearly appear the Government has failed to carry its burden of proving compliance with Miranda v Arizona, 384 US 436, 16 L ed 2d 694, 86 S Ct 1602 (1966), and United States v Tempia, 16 USCMA 629, 37 CMR 249, both of which indicate beyond cavil that, as a preliminary to receipt in evidence of any pretrial statement made by an accused during custodial interrogation, the prosecution must establish accused was advised of his right to remain silent; that he was entitled to representation by counsel, either appointed at no expense to him or individually employed at his own expense; and that such counsel could be present during any interrogation on the part of the Government's agents. Thereafter, the Government must further show that the accused was in fact either furnished counsel or that he knowingly, voluntarily, and intelligently waived his right to the same. See Miranda v Arizona, supra; United States v Tempia, supra; United States v Pearson, 17 USCMA 204, 37 CMR 468; United States v Hardy, 17 USCMA 100, 37 CMR 364; and United States v McCauley, 17 USCMA 81, 37 CMR 345.

The cited authorities seem dispositive of the issue before us, but the Government urges application of a different rule in the armed services, i.e., that, as the education of a member of the forces includes orientation as to his rights regarding legal assistance and entitlement to counsel in connection with military justice matters, he should be deemed to know that an attorney would be made available to him without charge in connection with any criminal interrogation. The board of review concluded such to be the case here, declaring, "It would be completely unrealistic to conclude that accused, an airman with sufficient service to have attained the grade of airman second class, could have associated advice of his right to a military lawyer with anything other than a lawyer who would be made available to assist him, gratuitously."

Miranda v Arizona, supra, anticipated such a contention on the part of authorities, however, and specifically rejected its applicability in determining whether the necessary warning had been shown:

"Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for

protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. *No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right."* [Emphasis supplied.] [Miranda v Arizona, supra, at page 471.]

We likewise reject the argument of the United States. The necessary advice as to the accused's right to counsel must be shown on the face of the record, and circumstantial evidence that the accused should have known of his rights, absent the proper warning, "will [not] suffice . . . in its stead." Miranda v Arizona, supra. Thus, we conclude that the board of review erred in holding Prosecution Exhibit 2 admissible in evidence and answer the certified question in the negative.

The foregoing does not end the matter. In addition to the prosecution exhibit, which related only to a single specification of larceny, an additional oral statement was obtained from the accused on a subsequent occasion, which deals with the remaining findings of guilty. As in the case of the written statement, the only evidence as to advice on the record relates that the accused was informed of his right to have military or civilian counsel present. See United States v Pearson, supra. Again, the transcript is otherwise silent, even as to whether the accused waived such right. Yet, the statement was received in evidence against him. For the reasons stated above, it was likewise inadmissible in view of the Government's failure to demonstrate the essential predicate for its reception in evidence. Reversal, therefore, is also required as to the remaining findings of guilty. United States v Pearson, supra; United States v Hardy, supra; United States v Lincoln, 17 USCMA 330, 38 CMR 128.

II

The assignment of error on which we granted review involved whether it was prejudicial to receive testimony from the interrogating agent that, after making the oral statement to which we referred above, the accused, on further interrogation, "declined to answer anything . . . which is, of course, within his right to do so." The Government concedes it is well established that such testimony may not be received. See United States v Andrews, 16 USCMA 20, 36 CMR 176; United States v Kemp, 13 USCMA 89, 32 CMR 89; and United States v Workman, 15 USCMA 228, 35 CMR 200. It urges, however, that the evidence of accused's pretrial reliance on his rights was not prejudicial in light of the fact that the president of the court directed the members to disregard the matter and the evidence of accused's guilt is compelling. See United States v Workman, supra. As we must reverse for the receipt of accused's pretrial statements without demonstration of the necessary warnings, we need not resolve this issue. It is enough to state that this matter may be avoided at a rehearing by appropriate discussion with the witness who volunteered the inadmissible information. Accordingly, we pursue it no further.

The certified question is answered in the negative. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.