UNITED STATES, Appellee

v

WALTER B. KELLER, Seaman Apprentice,
U. S. Navy, Appellant

17 USCMA 507, 38 CMR 305

No. 20,713

May 3, 1968

Lieutenant J. Arthur Bruno, USNR, argued the cause for Appellant, Accused. With him on the brief was Captain W. H. Hogan, Jr., USNR.

*Commander Walter F. Brown*, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel C. R. Larouche*, USMC.

## Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused was found guilty of unauthorized absence and larceny, in violation of Uniform Code of Military Justice, Articles 86 and 121, 10 USC §§ 886, 921, respectively. He was sentenced to bad-conduct discharge, forfeiture of $50.00 per month for four months, confinement at hard labor for four months, and reduction. With some amelioration in the punishment, intermediate appellate authorities affirmed, and we granted accused's petition for review upon the issues whether his pretrial statement was received without adequate proof that he was advised of his right to counsel and whether the president erred in failing to instruct on the necessity for accused to have the capacity to understand any warning given him prior to making such a statement.

### I

Briefly, the facts indicate Keller was apprehended on March 7, 1967, after being observed in the process of loading a case of canned hams on a Vietnamese Army truck. The hams were taken from a Navy refrigerated supply unit. He was interrogated by Agent Hall several hours later. Hall set out in detail his advice to the accused as to his rights under Code, supra, Article 31, 10 USC § 831. In contrast, his testimony regarding accused's entitlement to counsel is limited to the following:

"Q. During that time did the accused request advice or did you warn him of the right to consult with legal counsel?

"A. I did advise him of his right to legal counsel."

Thereafter, Hall obtained an oral, incriminatory statement from the accused. He terminated the interrogation when Keller declared he was sleepy. On the following morning, Hall again interviewed the accused "following warning under Article 31 . . .

and being advised concerning legal counsel." Keller requested an attorney, and the interrogation was terminated.

According to accused, his initial interrogation occurred during a period of intoxication which clouded his memory as to what was occurring and prevented him from understanding or properly exercising his rights. He classified himself "as being drunk that night."

The president's instructions on voluntariness and the need to advise the accused were general in nature and made no reference to the necessity of also finding he was able, on the occasion of his interrogation, to understand the advice as to his rights.

### II

The first issue before us inquires whether the record establishes a sufficient showing of the necessary warning as to accused's right to counsel. Before the board of review, the Government conceded the evidence of a warning was insufficient. The board rejected this concession, declaring, among other things, that "For ought we know, it may have been the Miranda advice given" and, in view of the lack of objection at trial, "we will not speculate on its completeness or lack thereof." Concurring opinions of other members of the board seem to indicate the warning was either *prima facie* sufficient or that, as the statement was an admission, no demonstration that it had been given was necessary in the absence of defense objection. Before us, the Government adopts the position of the board of review and urges the evidence of compliance with the requirement of warning as to counsel rights is sufficient. In support of this conclusion, it contends instructions to the field on August 23, 1966, required agents to comply with the decision in Miranda v Arizona, 384 US 436, 16 L ed 2d 694, 86 S Ct 1602 (1966), and, relying on the presump-

508

tion of regularity in the conduct of Government affairs, concludes there is likewise "a presumption—in no wise rebutted by the evidence of record—that Agent Hall *actually gave* the accused the *Miranda*-type warning."

We disagree. First, there is no presumption an accused is properly warned of his right to consult with counsel of his own choosing or to have one appointed for him, and to have either one or the other present during his interrogation. To the contrary, as we have many times pointed out, *Miranda,* supra, expressly places the burden of showing compliance with its terms on the United States, as a necessary predicate of receiving in evidence any pretrial statement made by the accused. See United States v Hardy, 17 USCMA 100, 37 CMR 364. In like manner, we declared in United States v Gustafson, 17 USCMA 150, 37 CMR 414, at page 151:

"... The burden is on the United States to establish compliance with *Miranda* and *Tempia,* both supra, beyond a reasonable doubt, and absence of objection thereto does not excuse its failure to prove a proper warning."

There is, therefore, no presumption an accused was properly warned, and the Government is bound to produce evidence of such a warning or suffer the consequences. Moreover, the lack of proof—contrary to the board's position—is not excused by failure of counsel to object below. United States v Gustafson, supra; United States v Smith, 15 USCMA 416, 35 CMR 388. Turning to the warning allegedly shown herein, it is clearly insufficient, amounting to no more than a legal conclusion indicative of the practice which obtained prior to the effective date of *Miranda,* supra, and our decision in United States v Tempia, 16 USCMA 629, 37 CMR 249.

Thus, in United States v Roan, 17 USCMA 163, 37 CMR 427, we reversed *per curiam* when it appeared accused had been advised "that he could consult with legal counsel 'at any time he desired.' " *Id.,* at page 164. And, in United States v Stanley, 17 USCMA 384, 38 CMR 182, we reversed when the record indicated accused had been advised " 'he might have a lawyer present, either civilian or military' " and that he might " 'have legal counsel who may be present during the questioning.' " *Id.,* at page 385. Finally, in United States v Burns, 17 USCMA 39, 37 CMR 303, we ordered a rehearing when the only warning disclosed was that accused had been apprised "he was entitled to ' "consult with legal counsel if you so desire." ' " *Id.,* at page 40.

The warning here is almost identical to that in *Burns,* supra, and, as in that case, we hold the prosecution failed to establish compliance with *Miranda* and *Tempia,* both supra, as a predicate for use of accused's pretrial oral statement. We reiterate our holding in United States v Stanley, supra, page 385, and emphasize the necessity for compliance therewith:

"... [A]s a preliminary to receipt in evidence of any pretrial statement made by an accused during custodial interrogation, the prosecution must establish accused was advised of his right to remain silent; that he was entitled to representation by counsel, either appointed at no expense to him or individually employed at his own expense; and that such counsel could be present during any interrogation on the part of the Government's agents. Thereafter, the Government must further show that the accused was in fact either furnished counsel or that he knowingly, voluntarily, and intelligently waived his right to the same. See Miranda v Arizona, supra; United States v Tempia, supra; United States v Pearson, 17 USCMA 204, 37 CMR 468; United States v Hardy, 17 USCMA 100, 37 CMR 364; and United States v McCauley, 17 USCMA 81, 37 CMR 345."

III

The second issue involves the instructions of the president. Despite testimony by the accused indicating he was too intoxicated to understand

**509**

any advice given him by the agent on the night in question or intelligently to exercise such rights, the president's advice to the court made no mention of the need to find accused was, despite his condition, mentally capable of understanding the warning and deciding whether to refrain from speaking. This was prejudicial error. United States v Dison, 8 USCMA 616, 25 CMR 120; United States v Hernandez, 4 USCMA 465, 16 CMR 39. Accordingly, a rehearing is required.

In sum, then, we find the evidence in this record of the purported advice to the accused concerning his right to counsel insufficient in law to comply with the mandate laid down in *Miranda* and *Tempia,* both supra. In addition, the president's instructions on voluntariness failed entirely to submit the issue of accused's ability to understand any advice given him. United States v Dison; United States v Hernandez, both supra. The errors, however, affect only Charge IV and its specification, as accused's statement had no bearing on the other offense of which he was also convicted. In consequence, only the former need be set aside. We so order.

The findings of guilty of Charge IV and its specification are set aside. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. The board may reassess the sentence on Charge I and its specification or order a rehearing on Charge IV, its specification, and the penalty.

Judge KILDAY concurs.

QUINN, Chief Judge (concurring in the result):

The content of Agent Hall's advice to the accused as to his "right to legal counsel" is, in my opinion, revealed by what transpired in the interview the next day. See United States v Mewborn, 17 USCMA 431, 38 CMR 229; United States v Barksdale, 17 USCMA 500, 38 CMR 298. On the second occasion, Hall again advised the accused "concerning legal counsel"; this time the accused requested an attorney and the interview was immediately terminated. It is reasonably inferable, therefore, that Agent Hall's advice included information to the effect that, before answering any questions, the accused had the right to consult counsel and to have counsel present with him; and, further, if he had no lawyer of his own, one would be appointed for him. I would, therefore, sustain the admission in evidence of the accused's pretrial statement.

I agree with the majority's conclusion that the instructions were erroneous. On that ground, I concur in the result.