UNITED STATES, Appellee,

v.

**Ray F. MOORE, Private First Class, U. S. Army, Appellant.**

No. 30,802.

U. S. Court of Military Appeals.

April 9, 1976.

Captain John C. Carr argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain Pete M. Dalmut,* and *Captain Anthony J. Siano.*

Captain Clement L. Hyland argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr.,* and *Captain Gary F. Thorne.*

---

6. *Laird v. Tatum, supra.*

7. 8 U.S.C.M.A. 697, 701, 25 C.M.R. 201, 205 (1958).

## OPINION OF THE COURT

FERGUSON, Senior Judge:

■ At the appellant's general court-martial on charges of rape of a girl under the age of 16 years and of rape,[1] Warrant Officer Charles Radcliff of the CID testified in support of the prosecution's case. Mr. Radcliff was the duty investigator at the time of the first alleged rape and had taken a statement and physical evidence from the prosecutrix and physical evidence from the appellant at that time. To this, Mr. Radcliff testified at trial. After both counsel had completed their questioning of this witness, the military judge inquired of the trial counsel whether he intended to introduce into evidence any of the physical material taken from the appellant, to which counsel responded in the affirmative. Noting that there then existed in the record no proper foundation for admission of such evidence, the judge determined to handle that matter himself and personally initiated his questioning of Mr. Radcliff, specifically regarding the facts surrounding the advice to the appellant of his Fifth Amendment[2] and Article 31[3] rights. Prosecution exhibit 6 for identification was given to the judge; this document is a form indicating that at the time of questioning the appellant refused to waive his rights and demanded to see a lawyer. After examining the exhibit, the trial judge proceeded to question the witness and elicited testimony therefrom, before the court members, that the appellant had requested a lawyer upon being advised of his right thereto. In doing so, the trial judge committed reversible error.

■ It is the well-settled law of this Court that it is improper to bring to the attention of the triers of fact that an accused, upon being questioned on an occasion prior to trial, asserted his rights to counsel or to remain silent. *United States v. Nees,* 18 U.S.C.M.A. 29, 33–34, 39 C.M.R. 29, 33–34 (1968).[4] This principle is founded upon the open-eyed realization that to many, even to those who ought know better, the invocation by a suspect of his constitutional and statutory rights to silence and to counsel equates to a conclusion of guilt—that a truly innocent accused has nothing to hide behind assertion of these privileges.[5]

Before us, the Government appellate counsel have conceded the error of the military judge's ways, but have urged that no specific prejudice flowed therefrom, without which the error was harmless. In support of this position, counsel have cited to us our decisions in *United States v. Martin,* 16 U.S.C.M.A. 531, 37 C.M.R. 151 (1967); *United States v. Andrews,* 16 U.S.C.M.A. 20, 36 C.M.R. 176 (1966); *United States v. Jones,* 16 U.S.C.M.A. 22, 36 C.M.R. 178 (1966); *United States v. Workman,* 15 U.S.C.M.A. 228, 35 C.M.R. 200 (1966), as well as Article 59, Uniform Code of Military Justice, 10 USC § 859. At the same time, counsel have recognized and have argued to us our decision in *United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975), in which we held that before an error founded upon the Federal Constitution can be held harmless, the court must be

1. Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. Contrary to his pleas, the appellant was convicted of carnal knowledge and of rape.

2. U.S.Const. amend V.

3. Article 31, UCMJ, 10 U.S.C. § 831.

4. *Accord, United States v. Stegar,* 16 U.S.C.M.A. 569, 37 C.M.R. 189 (1967); *United States v. Martin,* 16 U.S.C.M.A. 531, 37 C.M.R. 151 (1967); *United States v. Kavula,* 16 U.S.C.M.A. 468, 37 C.M.R. 88 (1966); *United States v. Tackett,* 16 U.S.C.M.A. 226, 36 C.M.R. 382 (1966); *United States v. Workman,* 15 U.S.C.M.A. 228, 35 C.M.R. 200 (1965). While civilian courts have not always extended this principle

to one of absolute proportions, *see United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *compare United States v. Fairchild,* 505 F.2d 1378 (5th Cir. 1975) *and United States v. Ramirez,* 441 F.2d 950 (5th Cir. 1971), *with United States v. Anderson,* 162 U.S. App.D.C. 305, 498 F.2d 1038 (1974) *and Johnson v. Patterson,* 475 F.2d 1066 (10th Cir. 1973), *cert. denied,* 414 U.S. 878, 94 S.Ct. 64, 38 L.Ed.2d 124 (1973), none of the limiting conditions therein involved are applicable in the present case.

5. *Ullmann v. United States,* 350 U.S. 422, 426, 76 S.Ct. 497, 100 L.Ed. 511 (1956).

able to say that it was harmless beyond a reasonable doubt. We believe that these two standards are incompatible and that the notion that an error of this sort is harmless unless specific prejudice is sought and found must yield to the test enunciated in *Ward*.[6]

■ The two standards are different; it cannot logically be argued otherwise. The viewpoint of the former is that specific indication of prejudice must be found, else the error was of no consequence, while that of the latter is that the error was harmful unless an examination of the record supports the conclusion that there is no reasonable possibility that the error might have contributed to the conviction. *United States v. Ward, supra.* Stated another way, no *specific* evidence of prejudice need be *found* for the error to compel reversal; the error is not harmless unless the reviewing court can affirmatively find beyond a reasonable doubt that the error might not have contributed to the conviction. While the Government has argued the presence of seven factors[7] which they claim suggest that the error was harmless beyond a reasonable doubt, we are of the opinion that they more properly suggest that specific prejudice was looked for but not found. That, however, is not the test. In this case, where the credibility and the reputation of the prosecutrix in the carnal knowledge conviction was seriously brought into question, we cannot say that there is not a reasonable possibility that this testimony of Mr. Radcliff might not have contributed to the appellant's conviction of that offense.

The decision of the United States Army Court of Military Review is reversed, and the finding as to specification 1 is set aside. The record is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review which either may dismiss the specification in question and reassess the sentence accordingly, or may set aside the sentence and authorize a rehearing on that specification and the sentence.

Chief Judge FLETCHER concurs.

COOK, Judge (dissenting):

I have reservations about, and a number of disagreements with, various parts of the majority opinion. As to the former, suffice it to note my doubt of the correctness of the statement that "it is improper to bring to the attention of the triers of fact that an accused, upon being questioned on an occasion prior to trial, asserted his rights to counsel or to remain silent." In *United States v. Workman*, 15 U.S.C.M.A. 228, 234, 35 C.M.R. 200, 206 (1965), the Court merely assumed for the purpose of the appeal, that reference to accused's exercise of the right to counsel was "of the same character" as reference to his exercise of the right to remain silent.[1] My review of pertinent opinions by this Court and Federal civilian courts convinces me that in instances where the accused exercised the right to counsel, he also asserted his right to remain silent, and the court's action was predicated upon violation of the latter right. See the speci-

6. Despite the implied suggestion of the dissenting judge herein that *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), overruled *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), upon which *United States v. Ward, supra*, is founded, the lower Federal courts post-*Harrington* have had no hesitancy in continuing to apply the *Chapman* test. *E. g., United States v. Anderson, supra* at 1044. Indeed, such an approach is entirely proper in that only three of the nine justices in *Harrington* were of the view that *Chapman* had been overruled.

7. Those factors are: There was but one reference to the appellant's request to see an attorney; that reference was not intended nor framed to constitute a direct invitation to draw

adverse inferences therefrom; the appellant was not cross-examined on this matter; trial counsel did not argue to the court members that any adverse inferences may be drawn from the appellant's assertion of his rights; the trial defense counsel did not object to the question of the judge; trial defense counsel did not seek a limiting instruction from the judge as to the use to which this evidence may have been put; and the evidence of record overwhelmingly establishes the appellant's guilt.

1. As I read the witness' testimony, his only reference to the exercise of a right by the accused is as to the right to counsel.

fied issues in *United States v. Kavula,* 16 U.S.C.M.A. 468, 37 C.M.R. 88 (1966); *United States v. Tackett,* 16 U.S.C.M.A. 226, 36 C.M.R. 382 (1966); *United States v. Faulkenbery,* 472 F.2d 879, 881 (9th Cir. 1973), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692 (1973); *Baker v. United States,* 357 F.2d 11, 13 (5th Cir. 1966). As to my disagreements, the principal one concerns the prejudicial effect of the error.

I do not believe that the standard of prejudice stated by this Court in *United States v. Ward,* 23 U.S.C.M.A. 572, 576, 50 C.M.R. 837, 841, 1 M.J. 176, 180 (1975), is as rigid as the majority now perceive it to be. *Ward* adopted the standard that the reviewing court "must be able to declare a belief that . . . [the constitutional error] was harmless beyond a reasonable doubt" from the opinion of the Supreme Court in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). However, in *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), Chief Justice Warren and Justices Brennan and Marshall concluded that the majority of the Court had overruled *Chapman.* Writing for the majority in *Harrington,* Justice Douglas stated that the test for prejudice as to an error of constitutional dimension was "the probable impact of . . . [the error] on the minds of an average jury." 395 U.S. at 254, 89 S.Ct. at 1728. I think that this test is not discernibly different from those this Court has used in the past to assess the impact of an error on the members of a court-martial. *See United States v. Ward, supra* 574 n. 2, 50 C.M.R. at 839, 1 M.J. at 179. Nor does it appear to be different from other formulations regarded by the Federal Courts of Appeals as consistent with the *Chapman* standard. *United States v. Faulkenbery, supra* at 881–82. In any event, I have no reasonable doubt that the evidence deemed inadmissible was harmless to the accused, and I would, therefore, affirm his conviction.

One final matter merits mention. While it does not say so directly, I read the majority opinion as overruling all the previous cases decided by this Court which tested the prejudicial impact of an error involving a constitutional right by what are regarded as wrong standards. If the majority so intends, I think it important to say that I would not apply the present standard retroactively to invalidate the prior decisions and other similar cases. *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); *Mercer v. Dillon,* 19 U.S.C.M.A. 264, 41 C.M.R. 264 (1970).