**UNITED STATES, Appellee,**

v.

**Staff Sergeant Howard L. BELL, SSN 497–44–6898, United States Army, Appellant.**

**CM 434884.**

U. S. Army Court of Military Review.

5 Aug. 1977.

Captain Peter V. Train, JAGC, argued the cause for appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Buren R. Shields, III, JAGC.

Captain Clement L. Hyland, JAGC, argued the cause for appellee. With him on

the brief were Major John T. Sherwood, Jr., JAGC, and Captain Gary F. Thorne, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Judge:

The appellant was tried on charges of uttering twelve checks with insufficient funds with intent to defraud, in violation of Article 123a of the Uniform Code of Military Justice, 10 U.S.C. § 923a, and uttering three worthless checks in violation of Article 134 of the Code, 10 U.S.C. § 934. The fifteen checks were cashed at various military facilities in and around the appellant's duty station in Germany from August 1975 until January 1976. They were drawn on a bank in California which had closed the appellant's inactive, overdrawn account in May 1975. Pleading not guilty, the appellant offered no evidence in defense and relied on the argument that there was no intent to defraud, as the appellant had not concealed his identity. The general court-martial of officer and enlisted membership heard evidence that altogether he had uttered 78 bad checks in the same period. Properly instructed as to the limited purpose for which they might consider uncharged misconduct, the court members found the appellant guilty as charged. They sentenced him to a dishonorable discharge, confinement at hard labor for five years, forfeiture of $250.00 monthly for 60 months, and reduction to Private E–1. The convening authority approved the sentence, except that he reduced the period of confinement and · forfeitures to three years.

On appellate review under Article 66 of the Code, 10 U.S.C. § 866, it is contended that the conviction must be reversed because (1) the military judge abused his discretion when he denied the challenge of a court member for cause, and (2) the court members improperly were informed that the appellant relied on his right to counsel before trial. We note, too, that the trial counsel referred to general deterrence during his sentencing argument.

## I

The challenged member was the officer in charge of a regional personnel center where the appellant's official records were maintained. On voir dire he volunteered the information that he knew the appellant had three times been "flagged" (a term meaning that favorable personnel actions are suspended pending an investigation or disciplinary proceeding). He assumed that three separate flags would relate to separate offenses, but regarded the two that had been removed as having been terminated favorably to the appellant. He also testified that the criminal investigation detachment had asked him to check with higher headquarters on the appellant's correct military grade. Apparently he knew that the appellant was involved in bad check offenses. He denied knowing anything of the circumstances, however, and asserted that his awareness of the flagging actions and the grade inquiry would not prejudice him. Under these circumstances, the judge did not abuse his discretion in denying the challenge for cause. *See United States v. Russell*, 43 C.M.R. 807 (A.C.M.R. 1971).

## II

In *United States v. Moore,* 1 M.J. 390 (1976), the Court of Military Appeals held as follows:

> It is the well-settled law of this Court that it is improper to bring to the attention of the triers of fact that an accused, upon being questioned on an occasion prior to trial, asserted his rights to counsel or to remain silent.

*Id.* at 391. Information that the appellant had asserted his right to counsel came to the court members from the testimony of his company commander. Responding narratively to a question about checks returned after the original charges were preferred, he said:

> . . . And then on the 1st day of March 1976 military police investigators again wanted to see Bell. I advised him

that they wanted to. They apprehended him, advised him of his rights, and released him back to me. On both occasions he naturally stated that he did not want to do anything until he'd consulted with his legal____

Recognizing the error, the military judge interrupted, saying, "The court's instructed to disregard any reference this witness made to anything Sergeant Bell said to him." *

Because the error is of constitutional dimensions, before it can be held harmless, "the court must be able to say that it was harmless beyond a reasonable doubt", or that "there is no reasonable possibility that the error might have contributed to the conviction", or we must "affirmatively find beyond a reasonable doubt that the error might not [sic] have contributed to the conviction." *United States v. Moore, supra,* 1 M.J. at 392.

 We are convinced beyond a reasonable doubt that the error was harmless; that is, that there is no reasonable possibility that it contributed to the conviction. That the evidence of guilt is overwhelming or that the result undoubtedly would be the same on a rehearing does not satisfy the test. *See id.,* at 392. Nevertheless, the correctness of those propositions as applied to this case makes it less likely that the error contributed to the conviction. In addition, the remark was but an inadvertent and passing hearsay reference by a witness. *Cf. United States v. MacDonald,* 455 F.2d 1259, 1262 (1st Cir. 1972), *cert. denied,* 406 U.S. 962, 92 S.Ct. 2070, 32 L.Ed.2d 350 (1972) (prosecutor's inadvertent mention of codefendant's failure to testify). Although the military judge immediately instructed the court members to disregard the testimony, he did not later repeat the instruction in a way that would reemphasize the pretrial assertion of rights. *Cf. Stewart v. United States,* 366 U.S. 1, 10, 81 S.Ct. 941, 6 L.Ed.2d 84 (1961) (so-called curative instruction can be harmful).

Accordingly, reversal is not required.

### III

 The trial counsel's offensive remark while arguing on the sentence was as follows:

. . . Now basically when we talk about punishment we talk about three types of theories of punishment. One, deterrence, we don't want Sergeant Bell, <u>or other soldiers for that matter</u>, to go around writing bad checks as he's done. And we hope that by designing an appropriate sentence to deter him <u>and others</u> from this course of conduct. . . .

Parts of the quotation have been underscored because they offend the holding in *United States v. Mosely,* 1 M.J. 350 (1976). Reassessment of the sentence is warranted.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for dishonorable discharge, confinement at hard labor for thirty months, forfeiture of $250.00 pay per month for thirty months, and reduction to the grade of Private E–1.

Senior Judge JONES and Judge FELDER concur.

---

* No further instruction was sought or given, although the judge later gave the traditional instruction concerning an accused's failure to testify at his trial. It is of interest to note that, on the occasion mentioned by the company commander, the appellant already had retained and was represented by counsel. The Article 32 (UCMJ, 10 U.S.C. § 832) investigation of the Charge and Additional Charge I had been concluded. (His civilian counsel in that proceeding also represented him at the trial.) The investigators were seeking to question him about the checks that became the subject of Additional Charge II. Had he not relied on his right to counsel, the result might have been as depicted in *United States v. McOmber,* 1 M.J. 380 (1976).