**UNITED STATES**

v.

**Garry Leroy PARKER, 451 15 9652, Boiler Technician Fireman Apprentice (E–2), U. S. Navy.**

**NCM 78 0680.**

U. S. Navy Court of Military Review.

Sentence Adjudged 13 Jan. 1978.

Decided 31 Aug. 1978.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before FERRELL, GREGORY and GRANGER, JJ.

PER CURIAM:

In his single assignment of error on appeal, appellant alleges the general order, which is the subject of Additional Charge I, is unlawful in that it is not reasonably necessary to protect members of the service. The general order in question is COMUSNAVPHILINST 1752.1H, dated 25 August 1976. This order promulgates information, policy, and administrative procedures concerning marriage of active duty U. S. Navy, Coast Guard, and Marine Corps personnel stationed in or visiting the Philippines. It requires these personnel who are not citizens of the Republic of the Philippines to obtain the written approval from Commander, U. S. Naval Forces, Philippines, prior to getting married in the Philippines.

This Court and the United States Court of Military Appeals have considered the lawfulness of similar regulations in numerous cases. *United States v. Nation*, 9 U.S.C.M.A. 724, 26 C.M.R. 504 (1958); *United States v. Levinsky*, 30 C.M.R. 641 (N.B.R. 1960); *United States v. Wheeler*, 12 U.S.C.M.A. 387, 30 C.M.R. 387 (1961); *United States v. Mohr*, No. 71 0044, (N.C.M.R. 9 April 1971). The appellant urges this Court to re-examine the law in this area, arguing that the passage of several years, and the consequent shift of social and military necessity, as well as changes in the regulation, justify a new inquiry.

We have examined COMUSNAVPHILINST 1752.1H, dated 25 August 1976 and the cases cited in the briefs of counsel. The instruction sets forth many of the complexities of service members marrying in the Philippines, recites needed procedures to be followed, and establishes reasonable requirements for approval prior to marriage. We find the instruction to be a lawful and reasonable exercise of command authority to safeguard and protect the morale, discipline, and usefulness of service personnel in the Philippines.

Accordingly, the findings and sentence of the court-martial, as approved by the convening and supervisory authorities, are affirmed.