**UNITED STATES, Appellee,**

v.

**Specialist Four E4 Paul J. LOPEZ, SSN 570–21–5692, United States Army, Appellant.**

**SPCM 13431.**

U. S. Army Court of Military Review.

12 March 1979.

---

Major Lawrence D. Galehouse, JAGC, Captain Larry D. Anderson, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Rexford T. Bragaw, III, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Contrary to his pleas, appellant was found guilty by a military judge sitting alone as a special court-martial of possession of marihuana and hashish in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence extended to a bad-conduct discharge, confinement at hard labor for three months, and reduction to Private E-1. The convening authority approved the sentence.

On the evening of 16 February 1978, appellant's unit had a regularly scheduled "G.I. party" in the barracks. On this particular evening individual rooms were inspected by unit noncommissioned officers. Nevertheless, as had been his practice, the company commander, Captain Glover, and his executive officer, Lieutenant Anderson, also planned to inspect the rooms. While Lieutenant Anderson went to inspect the latrine on the third floor, Captain Glover proceeded to the appellant's room on the same floor to begin his inspection. Receiving no response to his knock and finding appellant's room door locked, Captain Glover started across the hall toward another

room. However, at this time appellant's door was opened and Captain Glover saw Specialist Lopez standing in the doorway. Although a day or two prior to this inspection a unit noncommissioned officer informed the company commander and the executive officer that he suspected the occupants of this particular room of using marihuana, Captain Glover testified that on the evening in question he had no indication of criminal activity nor did he suspect appellant of any wrongdoing. He said his only purpose was to inspect the progress and results of the "G.I. party."

Upon entering appellant's room, Captain Glover saw Specialist Reynosa seated at a table in what appeared to him to be "sort" of an "odd" position, Private Holly next to Reynosa, and PFC Pralour on the other side of the room. Specialist Lopez apparently remained by the door. Captain Glover almost immediately after entering the room smelled the odor of what he believed to be marihuana.* This odor was so intense that it was necessary to open a window to ventilate the room. Captain Glover also observed a film cannister in front of Reynosa. From previous experience he knew these items were sometimes used to store hashish. Captain Glover also observed Reynosa with a surgical clamp containing what appeared to be a butt of burnt marihuana. Captain Glover sent for Lieutenant Anderson who arrived shortly thereafter. When Lieutenant Anderson entered the room, he also smelled the strong odor of marihuana. Captain Glover told Lieutenant Anderson that "this constitutes enough for us to search the room." He believed that based upon the intensity of the odor in the room there must have been more than one item of marihuana involved.

As a result of the search of the entire room ordered by Captain Glover, Lieutenant Anderson inspected appellant's open wall locker. Therein, he found a coat which he began searching. Inside the coat he found hashish and marihuana, the subject matter of this prosecution.

---

* Captain Glover based this belief upon training he had received in a drug education class and from similar odors he had previously smelled emanating from barracks rooms.

## I

■ Appellant, as he did at trial, argues that the illicit substances seized were improperly admitted into evidence because they were the product of an illegal search and seizure. We disagree. The record is replete with credible evidence that the company commander planned to inspect, as he had frequently done in the past, rooms in the barracks in order to insure their cleanliness. His selection of appellant's room in which to begin his inspection was reasonable and readily explainable. It was at the far end of the hall on the top floor of the building from which the inspecting officers planned to work their way down to the ground floor. When Captain Glover received no response to his knock he proceeded toward another room. This hardly reflects a deliberate and preplanned search of appellant's room. Only when the door was opened did Captain Glover begin his inspection. While we are aware of appellant's reasonable expectation of privacy in his barracks room, we are unaware of any requirement for a unit commander to obtain the occupant's approval to conduct a military inspection in his room relating to readiness, security, living conditions, personal appearance, or a combination of these or other categories. Consequently, we are convinced that Captain Glover was where he had a right to be when he was virtually overwhelmed by the odor of marihuana. *United States v. Kazmierczak*, 16 U.S.C. M.A. 594, 37 C.M.R. 214 (1967); *United States v. Hines*, 5 M.J. 916 (A.C.M.R.1978); *see also United States v. Hay*, 3 M.J. 654 (A.C.M.R.1977). The smell of marihuana has been recognized as "convincing evidence in determining whether probable cause exists." *United States v. Grosskreutz*, 5 M.J. 344 (C.M.A.1978); *see also United States v. Owens*, 48 C.M.R. 636 (A.F.C.M.R.1974), aff'd 23 U.S.C.M.A. 700, 50 C.M.R. 906 (1975) [equally divided court]. The overwhelming odor of marihuana in appellant's room was not only probable cause for instituting a search of the room and its occupants; it virtually screamed out that more illicit substances than those initially found in the surgical clamp and cannister may have been involved. This credible evidence of record demonstrates to us that the search for marihuana and hashish herein involved was justified. *United States v. Drew*, 15 U.S.C.M.A. 449, 35 C.M.R. 421 (1965); *United States v. Gebhard*, 10 U.S.C.M.A. 606, 28 C.M.R. 172 (1959); *United States v. Hay, supra; United States v. Fontenette*, 3 M.J. 566 (A.C.M.R.1977).

## II

■ During the course of trial, appellant testified on direct examination that, although he actually did have knowing possession of about ten or twelve grams of marihuana in his coat hanging in his wall locker on the evening in question, he was completely ignorant of the remaining eighty-six grams of hashish found in this same coat. On cross-examination appellant speculated that as he had left the room for about 10 or 15 minutes the hashish may have been planted in his coat by one of his roommates. He thought this may have been done because the roommate and Lieutenant Anderson had "set him up." During the cross-examination, trial counsel in response to appellant's answers on direct examination that he said nothing to anyone in authority about being set up, asked appellant why he did not make an exculpatory statement when the hashish was found. The trial judge permitted the question over defense objection that the accused has a right to make no statement at all and that the Government was trying to infer that appellant's silence is some presumption of criminality. The military judge's ruling was error. The cross-examination was improper. *United States v. Noel*, 3 M.J. 328 (C.M.A.1977). This error is one of constitutional dimension. Before it can be held harmless we must be able to say that it was harmless beyond a reasonable doubt or that there is no reasonable possibility that this error might have contributed to appellant's conviction or we are required to find affirmatively beyond a reasonable doubt that the error may not have contributed to appellant's conviction. *United States v. Moore*, 1 M.J. 390, 391 (C.M.A.1976); *United States v. Ward*, 1 M.J. 176 (C.M.A.1975). *See also United States v. Bell*, 3 M.J. 1010 (A.C.M.R.1977).

There is no reasonable possibility that the military judge's error might have contributed to appellant's conviction. The compelling evidence of guilt established by the Government's case combined with the utter incredibility of appellant's attempt to account for the presence of the eighty-six grams of hashish in the pocket of his jacket convince us beyond any reasonable doubt that the military judge's error was harmless; therefore reversal is not required.

### III

Appellant's remaining allegations of error have been considered and found to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge FELDER concur.