UNITED STATES, Appellee,

v.

Lee B. ROSS, First Lieutenant, U. S. Army, Appellant.

No. 36,161.

CM 436076.

U. S. Court of Military Appeals.

July 23, 1979.

Appearances: For Appellant—*Major Benjamin A. Sims* (argued); *Colonel Edward S. Adamkewicz, Jr., Captain Larry C. Schafer* (on brief); *Major Carlos A. Vallecillo.*

For Appellee—*Captain Landon P. Snell, III* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major David McNeill, Jr.* (on brief); *Major Michael B. Kennett, Captain Paul W. Jacobson, Captain Laurence M. Huffman.*

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was tried before a general court-martial composed of members. Contrary to his pleas, he was found guilty of larceny of a gold ring, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The sentence adjudged was dismissal from the service. The convening authority approved the sentence; the United States Army Court of Military Review affirmed the findings of guilty and the sentence.

The following issue was granted for review by this Court:

DID THE ARMY COURT OF MILITARY REVIEW ERR IN HOLDING THAT IT WAS HARMLESS ERROR AND DID NOT REQUIRE A *SUA*

*SPONTE* INSTRUCTION TO THE COURT WHERE TESTIMONY THAT APPELLANT REQUESTED AN ATTORNEY AND DID NOT WANT TO ANSWER ANY QUESTIONS WAS PRESENTED TO THE JURY BY THE TRIAL COUNSEL?

The facts pertinent to our decision are as indicated below. The appellant was charged with stealing a gold ring from a fellow officer after a March outing. The ring contained five diamonds and was valued at $1650. The appellant admitted in court that he had possessed the ring and had known the victim was its lawful owner. Yet, he indicated that he had intended to return the ring but the opportunity did not arise. He testified that he had feared the victim would then believe he stole the ring; that he had been enjoying the predicament of the victim's not being able to find it; that he believed the victim was not interested in the return of the ring because of an insurance claim to be filed at some future time. The appellant further testified that after possessing the ring for three weeks, he took it to an appraiser where it remained for two to three more weeks. Upon subsequently learning of the appraisal, he had the gold ring pounded into a disc-type necklace. The diamonds he returned to a locked box in his dresser. Several months later, upon the arrival of his fiancee, he had the diamonds recast into a necklace and two rings. The appellant finally indicated that he did not inform the victim of his actions but he did display the new diamond rings in his presence. In August the appellant was arrested for the theft of the original ring.

The United States Army Court of Military Review made additional findings of fact and conclusions of law as to the appellant's court-martial:

> Prior to trial, in an interview with CID Agent Boyd, and after a warning as to his rights, appellant made a spontaneous statement in which he acknowledged knowing that the ring in question was the property of Lieutenant Gregoire. Immediately thereafter, he requested an attorney and declined to answer further questions. At trial, testimony as to the accused's silence and request for attorney was elicited by trial counsel on direct examination of Agent Boyd. No objection was made by the defense. Appellant contends that it was error to allow such evidence to go to the court and that the military judge had a duty, in the absence of a defense objection, to give a limiting instruction. We do not agree. We find the admission of evidence of this nature to be error, but not so flagrant or inflammatory as to require *sua sponte* instructions. The error was waived by the failure of the defense to object, and in any event, the error was harmless beyond a reasonable doubt. We are also convinced that independent evidence of appellant's guilt was overwhelming.[1]

The first question to be resolved is whether it was error for the trial judge to admit evidence of the appellant's exercise of his right to counsel and right to remain silent in the face of government questioning. *See United States v. Nees*, 18 U.S.C. M.A. 29, 39 C.M.R. 29 (1968); *United States v. Workman*, 15 U.S.C.M.A. 228, 234–35, 35 C.M.R. 200, 206–07 (1965); para. 140a, Manual for Courts-Martial, United States, 1969 (Revised edition).

■ The Court of Military Review found the admission of such evidence to be error, and we agree. *See United States v. Moore*, 1 M.J. 390 (C.M.A.1976). The Government argues that such evidence was part of the testimonial *res gestae* of the investigative agent. *See Fagundes v. United States*, 340 F.2d 673, 676 (1st Cir. 1965). It is claimed that such testimony was necessary to complete the chronological sequence of the agent's story concerning the appellant's pretrial statement. Some doubt exists in

---

1. The dialogue at trial was as follows:

   TC: After Lieutenant Ross made the statement to you that he knew the ring belonged to Lieutenant Gregoire, did he ask to speak to an attorney?

   A: He stated—yes, sir, he did, and that he did not want to answer any questions.

our mind that this evidence was introduced for this purpose, and that this evidentiary purpose was relevant to the case on trial.[2] In any event, it is clear that any advantage to be obtained in this case in admitting such evidence was clearly outweighed by the confusion such testimony could cause in the minds of the members, and its significant potential for prejudice for the appellant. *See Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *United States v. Hale,* 422 U.S. 171, 177, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *United States v. Moore, supra.*

■■■ The second question confronting us on this appeal is whether the judge was required *sua sponte* to take action to prevent the admission of such evidence or at least ascertain any legitimate reason for its admission and give an appropriate limiting instruction to the court members. *United States v. Graves,* 1 M.J. 50, 53 (C.M.A.1975). It is beyond cavil that the military judge has the serious responsibility to assure a criminal defendant receives a fair trial in accordance with the law. In particular he must take steps to insure a constitutional or codal shield for the criminal accused is not improperly transformed into a prosecutorial tool by the Government. *See United States v. Nelson,* 1 M.J. 235, 237 (C.M.A.1975). In the present case a real possibility existed at the time of the introduction of this evidence that the appellant's post arrest request for counsel and refusal to continue to speak to a government agent could be used against him as substantive evidence of his guilt. *See Ullmann v. United States,* 350 U.S. 422, 426–27, 76 S.Ct. 497, 100 L.Ed. 511 (1956).

The potential for unfairness is greater in this situation than in the situation where it could be arguably used for impeachment purposes. *See United States v. Hale, supra* 422 U.S. at 177, 95 S.Ct. 2133. Evidence of this nature is critical, not because of its inflammatory nature, but because of its constitutional overtones. *Cf. United States v. Moore, supra.* Significant questions of elementary fairness may be raised in such a situation. *See Doyle v. Ohio, supra,* 426 U.S. at 618 n. 9, 96 S.Ct. 2240. Accordingly, consistent with the holdings of this Court, we believe it was error for the military judge not to stop the proceedings, inquire into the purpose of the introduction of such testimony, and appropriately instruct the members of the propriety, if any, of its use at the court-martial. *United States v. Graves, supra. See also* para. 149c(3), Manual, *supra.*

■ A final question remains as to the prejudice the appellant may have suffered from the introduction of this testimony at his court-martial. The Army Court of Military Review found such error harmless beyond a reasonable doubt and that independent evidence of the appellant's guilt was overwhelming. Our decision in *United States v. Moore, supra,* supports the legal standard employed by the lower court. We also do not believe under the facts and circumstances of this case that there was any reasonable possibility that this portion of the agent's testimony contributed to the appellant's conviction of this offense. *Chapman v. United States,* 547 F.2d 1240, 1249 (5th Cir. 1977),[3] is not to the contrary

---

2. There was no objection by the defense counsel or the military judge to the admission of this portion of the government agent's testimony. Accordingly, we can only surmise the intended purpose of the Government in introducing such testimony. It is clear, however, that the sole issue in controversy was the existence of criminal intent in the mind of the appellant. Conceivably, evidence of exercise of these constitutional rights might be construed by the members as additional support for the conclusion that the appellant had such a criminal intent. In addition, the trial counsel's question directly pertains to the exercise of the constitutional right to counsel and makes no specific reference to concluding the agent's testimony in this incident. Finally, he testified to conver-

sation occurring after the spontaneous pretrial statement had been uttered, and after the military judge had overruled defense counsel's objection to the earlier spontaneous statement on the grounds that the appellant had not understood his rights.

3. As pertinently stated by Circuit Judge Goldberg:

The infusion of "harmlessness" into error must be the exception, and the doctrine must be sparingly employed. A miniscule error must coalesce with gargantuan guilt, even where the accused displays an imagination of Pantagruelian dimensions.

*Chapman v. United States,* 547 F.2d 1240, 1250 (5th Cir. 1977).

where a criminal defendant's purportedly exculpatory testimony is implausible, a single reference to his silence is not directly exploited by the Government, and there is overwhelming evidence of the appellant's guilt.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring in the result):

I concur in the result. *See* my dissenting opinion in *United States v. Noel,* 3 M.J. 328, 332 (C.M.A.1977) and in *United States v. Moore,* 1 M.J. 390, 392 (C.M.A.1976).