UNITED STATES

v.

**Airman Basic Daniel B. HARRIS, FR 256–11–6602, United States Air Force.**

ACM S25602.

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 April 1982.

Decided 30 Sept. 1982.

---

3. The Random House College Dictionary, 1980.

4. *United States v. Knudson,* 14 M.J. 13, 15 (C.M.A.1982).

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert, and Major Michael J. Hoover.

Before KASTL, HEMINGWAY and SNYDER, Appellate Military Judges.

## DECISION

HEMINGWAY, Judge:

Before a court with members, the accused plead guilty to one specification of use of marijuana and not guilty to specifications of sale and use of marijuana, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was convicted as charged and sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for one month and to forfeit $200.00.

The accused contends the trial counsel improperly commented on the accused's election not to testify on the merits. We agree. In his opening statement, the defense counsel told the members:

> I will only address Specifications 1 and 3 and exclude for the time being Specification 2 because the accused has pleaded guilty to that charge. The specifications that are in issue at this point of the trial, use of marihuana on 27 January '82 and sale of marihuana on 15 September '81

are going to be shown by the government with one witness, one uncorroborated witness. The sale and use both allegedly occurred in private between Airman Harris and this one witness. The government cannot find another witness to corroborate that either of these things happened, but the other side of the coin is that *the defense cannot produce a witness* to dispute that it happened either. In common talk, the case will be a one-on-one. It is going to turn on the credibility of the government witness. Bear in mind please as you hear her testimony that in accordance with Judge Persky's instructions, you're going to have to be convinced beyond a reasonable doubt that Airman Harris did sell marihuana on or about 15 September and use it on or about 27 January or you're going to have to acquit him. Well, gentlemen, you will be shown throughout the course of events today, perhaps by the trial counsel, but certainly by me why this government witness that will testify before you is not worthy of belief. Following the case in chief I will highlight for you all the reasonable doubts in the government's case that will compel a finding of not guilty. (emphasis supplied)

Prior to argument on the findings, the trial counsel was cautioned by the military judge not to comment on the accused's failure to testify. However, before the members, trial counsel proceeded to argue:

His lawyer got up and promised you one-on-one. One-on-one he said. The only evidence you have is from Shannon Holley. Uncontroverted is the fact that Danny Harris smoked. Uncontroverted is the fact that Danny Harris sold marihuana. The only evidence you have coming from that witness stand is from Shannon Holley. The defense counsel promised you one-on-one.

The government conceded on oral argument, and we find, that this was a comment on the accused's election not to testify.

We do not view the defense counsel's opening statement as a declaration of the accused's intent to testify on the merits. Rather, we think it is clear that the defense counsel was announcing that the accused would not produce any testimony. Furthermore, the defense counsel's use of the phrase "one-on-one" was an indication that the plea of not guilty to the contested specifications was the accused's challenge to the uncorroborated testimony of the sole prosecution witness whose credibility would be tested. Therefore, we distinguish this case from *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). In that case the Court found no error in a prosecutor's closing argument that characterized the state's evidence as "unrefuted" and "uncontradicted." There, however, the defense counsel had focused the jury's attention on the defendant's silence by outlining the contemplated defense in his opening statement and by stating to the jury near the close of the case that the defendant would be the "next witness." The Court pointed out that the prosecutor's comment added nothing to the impression that had already been created by the defendant's refusal to testify after the jury had been told the defendant would take the stand.

■ Prosecutory comment on an accused's silence has long been improper in federal prosecutions. *Wilson v. United States*, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650 (1893). The rule is ordained by the Fifth Amendment, *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and is embodied in military practice. Manual for Courts-Martial, United States, 1969 (Revised edition), para. 72*b*; *United States v. Skees*, 10 U.S.C.M.A. 285, 27 C.M.R. 359 (1959); *United States v. Allinder*, 9 U.S.C.M.A. 575, 26 C.M.R. 355 (1958). Although not every Constitutional error requires reversal, before we can find such error harmless, we must be able to declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Moore*, 1 M.J. 390 (C.M.A. 1976); *United States v. Ward*, 23 U.S.C. M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975).

■ The prosecution's sole witness in this case admitted to several prior statements

inconsistent with her testimony at trial and her testimony was uncorroborated by any other evidence. Thus, under the circumstances of this case, we cannot find beyond a reasonable doubt that the trial counsel's argument was harmless.* As a result, we dismiss Specifications 1 and 3 of the charge.

 In a second assignment of error, the accused complains of an instruction given by the military judge following the answer of a witness to a court member's question. The accused's unit First Sergeant was asked by a court member to detail the rehabilitative efforts attempted by the unit. Out of the hearing of the members, the First Sergeant responded that the accused had been given nonjudicial punishment and entered into the drug rehabilitation program. The military judge instructed the witness to limit his answer to nonjudicial punishment. The military judge was obviously concerned with the confidential status of drug rehabilitation programs provided by 21 U.S.C. § 1175. After the witness had given his answer in the presence of the members, the judge advised the court:

> This is only a partial answer to [your] question and there were other rehabilitative measures taken by the squadron commander in accordance with Air Force Regulation and policy. However, for legal reasons I am not allowing [the witness] to testify about those measures.

We disagree with the accused's contention that this instruction necessarily disclosed his participation in a drug rehabilitation program. In any event, under the facts of this case, we find no prejudice to the accused.

The findings of guilty of Specifications 1 and 3 of the Charge are dismissed. The findings of guilty of Specification 2 of the Charge, and the Charge, are correct in law and fact and are affirmed. We approve only so much of the sentence as provides for

---

confinement at hard labor for one month and forfeiture of $200.00.

KASTL, Senior Judge and SNYDER, Judge, concur.

---

* Aside from the trial counsel's improper argument prior to findings, his conduct throughout the trial indicated he was so imbued with prosecutory zeal that he forgot his responsibility to be guided by the American Bar Association *Standards Relating to The Administration of Criminal Justice.* AFM 111–1 (2 July 1973), Military Justice Guide, para. 1–11. Noting that he had been recently certified as competent to perform duties as trial counsel, we choose to believe that his errors were due to his inexperience.