UNITED STATES, Appellee,

v.

Specialist Four Dennis AKGUN, 091–50–7051, United States Army, Appellant.

SPCM 19059.

U.S. Army Court of Military Review.

27 Dec. 1984.

---

Captain Michael D. Graham, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, and Captain Harry L. Williams, Jr., JAGC.

Captain Howard G. Cooley, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before SU–BROWN, WERNER and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

SU–BROWN, Senior Judge:

Contrary to his pleas, appellant was convicted by a special court-martial composed of officer and enlisted members of three specifications of communicating indecent and obscene language and one specification of communicating a threat in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1982). The convening authority approved appellant's sentence to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $367.00 pay per month for six months, and reduction to the grade of Private E–1.

Before this Court appellant raises several assignments of error concerning a voice exemplar which the military police obtained from him. Appellant contends that the voice exemplar was obtained in violation of Article 31, UCMJ; that the procedure used to prepare his voice exemplar was improper and resulted in an unduly suggestive recording; and that the voice exemplar was obtained in violation of appellant's right to counsel. We find no merit to these contentions.

■ As this Court held in *United States v. Chandler*, 17 M.J. 678 (ACMR 1983), *pet. denied*, 18 M.J. 132 (C.M.A. 1984), compelling a suspect to produce a voice exemplar does not violate the privilege against self-incrimination as provided by the Fifth Amendment or Article 31, UCMJ. *See also United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). Moreover, the procedures used by the military police in this case to prepare appellant's voice exemplar and the other exemplars used in the voice spread did not result in unduly suggestive recordings. Appellant's voice exemplar when compared with the remaining five exemplars is not suggestive in the least. We have listened to the recordings and find that there is no difference in the accent or volume of appellant's voice and the other five voices to warrant a complaint that these exemplars are unnecessarily suggestive.

■ We also find appellant had no right to counsel at the time his voice exemplar was prepared. The right to counsel does not attach when only words or conduct lacking testimonial characteristics, such as voice exemplars, are being sought. *United States v. Armstrong*, 9 M.J. 374, 378 (C.M.A.1980); *United States v. McDonald*, 9 M.J. 81 (C.M.A.1981). Additionally, appellant was not entitled to the presence and assistance of counsel when the voice spread was played for one of his victims. *See United States v. Kim*, 577 F.2d 473 (9th Cir.1978) (accused not entitled to have counsel present at pretrial voice identification made by Government witness); *United States v. Otero-Hernandez*, 418 F.Supp. 572 (D.C.Fla.1976) (no requirement that defense counsel be present when witness identified defendant's voice by means of voice spread). Although appellant analogizes a voice spread to a lineup where an accused has the right to counsel, we find the analogy, at best, attenuated. A far better analogy, recognized in *Otero-Hernandez*, exists between a voice spread and a photographic spread where no right to counsel exists. During a lineup the possibility exists that, in the absence of counsel, the accused may do or say something self-incriminating that would not be correctable through cross-examination or other adversary proceedings at trial. In contrast, when a voice spread is conducted the

accused is not present, and since a recording of voices—like photographs—have a degree of permanence, counsel may effectively reconstruct the out-of-court session during a trial confrontation. *Otero-Hernandez*, 418 F.Supp. at 575. *Cf. United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973) (right to counsel not applicable to photo spreads). As the Supreme Court noted in *Ash* the right to counsel attaches to those situations "in which the accused require[s] aid in coping with legal problems or assistance in meeting his adversary." 413 U.S. at 333, 93 S.Ct. at 2585. A voice spread does not present such a situation. Accordingly, appellant had no right to the presence of counsel at the voice spread.

■ Appellant also asserts that a statement concerning his telephone number was obtained in violation of his rights under Article 31, UCMJ, and should not have been admitted at trial. We need not decide this issue. Assuming the statement was improperly obtained and its contents should not have been admitted, any error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Moore*, 1 M.J. 390 (C.M.A.1976).

We find appellant's remaining assignments of error to be without merit.

The findings of guilty and the sentence are affirmed.

Judge WERNER and Judge WALCZAK concur.