UNITED STATES

v.

**Airman Basic Thomas E. EARNESTY II, FR379–72–3967, United States Air Force.**

**ACM S28465.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Dec. 1990.

Decided 3 June 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Major Ronald G. Morgan, and Major George P. Clark.

Appellate Counsel for the United States: Major Paul H. Blackwell, Jr. and Captain Jeffrey C. Lindquist.

Before O'HAIR, RIVES, and MILLS, Appellate Military Judges.

## OPINION OF THE COURT

MILLS, Judge:

On 6 and 7 December 1990, Airman Basic Earnesty was tried by a special court-martial composed of officer members. Contrary to his pleas, he was found guilty of one specification of wrongful appropriation of a government vehicle, in violation of Article 121, UCMJ, 10 U.S.C. § 921. Pursuant to his pleas, he was found guilty of one specification of drunk driving and one specification of negligent damage to a government vehicle in the amount of about $5,000.00, in violation of Articles 111 and 108, UCMJ, 10 U.S.C. §§ 911, 908. The approved sentence provides for a bad-conduct discharge, confinement for 2 months, and forfeiture of $250 pay per month for 2 months.

Appellant has assigned three errors to this Court:

### I

WHETHER THE MILITARY JUDGE SUBSTANTIALLY PREJUDICED THE APPELLANT WHEN HE INSTRUCTED THE MEMBERS THAT THE APPELLANT DID NOT DISPUTE, INDEED STIPULATED TO, THE WRONGFUL TAKING ALLEGED IN CHARGE I.

### II

WHETHER THE APPELLANT WAS SUBSTANTIALLY PREJUDICED WHEN TRIAL COUNSEL WAS PERMITTED TO ELICIT FROM SGT OUELLETTE, A SECURITY POLICEMAN, THAT APPELLANT INVOKED HIS RIGHT TO COUNSEL AND HIS RIGHT TO REMAIN SILENT WHEN INITIALLY QUESTIONED ABOUT THE OFFENSE BY THE SECURITY POLICE.

### III

WHETHER IT WAS ERROR WHEN THE GOVERNMENT FAILED TO SERVE A COPY OF THE STAFF JUDGE ADVOCATE'S POST–TRIAL RECOMMENDATION ON THE APPELLANT.

Since we find merit in the second assigned error, the first assignment of error becomes moot and we will discuss only the second and third assignments.

At about 1530 on 11 November 1990, Airman Earnesty entered the dormitory room of a Senior Airman (SrA) Mack and asked him for the keys to a government vehicle. Mack refused his request, stating the vehicle was not for personal use and that Earnesty had been drinking alcoholic beverages. Earnesty then departed the room but returned a short time later and talked and watched television with SrA Mack for about 15 minutes. When SrA Mack went to get his laundry, Earnesty took the keys to the government vehicle, left the dormitory and drove away in the vehicle. Earnesty was never authorized by SrA Mack, or anyone else, to take the keys and operate the government vehicle. At approximately 1615, Earnesty was observed at the base bowling alley drinking beer, laughing and joking with friends. A few minutes later, Earnesty left the bowling alley and drove the government vehicle off base. Earnesty lost control and crashed the vehicle into a residence along the roadway, causing about $5,000 in damages to the vehicle and undisclosed damage to the building.

Earnesty was later transported to the Security Police Law Enforcement Desk. At approximately 1835, he was properly advised by a Sergeant Oullette of his rights in accordance with Article 31, UCMJ, 10 U.S.C. § 831, and his rights to counsel.

Earnesty acknowledged his rights on an AF Form 1168, Statement of Suspect and Acknowledgement of Rights, requested a lawyer and declined to answer any questions or make a statement. Later, Earnesty was transported to the base clinic where he was given a probable cause authorized blood-alcohol test at approximately 2000. The test results revealed that he had a blood-alcohol level of 0.162%.

The only contested charge was wrongful appropriation of the government vehicle. The single issue in this charge involved the degree of appellant's intoxication. The defense argued that Earnesty was too intoxicated to form the specific intent involved in the offense of wrongful appropriation.

■ Appellant did not testify on the merits. During the government's case-in-chief, Sergeant Oullette was called as a prosecution witness. During his testimony, Oullette was shown Prosecution Exhibit 6, the AF Form 1168. The following colloquy occurred between trial counsel and Sergeant Oullette:

Q. Okay. Did you then fill out a form?
A. I filled out an Air Force Form 1168, Statement of Suspect.
Q. Okay. Did you have him fill out a form, an advisement-of-rights form?
A. Yes, sir
Q. Okay. It's marked as Prosecution Exhibit 6. Would you take a look at that, please. Is that [that] advisement-of-rights form?
A. Yes, sir.
Q. Okay. Could you explain very quickly how you accomplished that advisement-of-rights form, what you did?
A. I sat down with Airman Earnesty.
Q. Could you turn that towards the members so that they can follow along with you.

 * * * * * *

Q. If I could interrupt you just so maybe, you know, instead of going through that line by line, did you go down that line in that manner item by item?
A. Yes, sir.
Q. Okay. And ask him if he understood it and what was his response to each one?
A. He said yes, he understood.
Q. And in your opinion did he understand that?
A. Yes, sir.
Q. Okay. Are those his initials there?
A. Yes, sir.
Q. He wrote those himself?
A. Yes, sir.
Q. Okay. Then he made the elections that are on the bottom of the page, is that right?
A. Yes, sir.

The appellant's elections referred to in the last question were his request for a lawyer and his decision not to answer questions or make a statement. Prosecution Exhibit 6 was admitted into evidence and presented to the court members without any objection by the trial defense counsel. Prosecution Exhibit 4 was also admitted into evidence and presented to the members without objection. Prosecution Exhibit 4 was a written statement by Sergeant Ouellette which included the following: "AB Earnesty declined to make a statement & wanted legal counsel." * The lack of an objection by the defense counsel does not relieve the military judge of his paramount responsibility to instruct the members properly regarding this improper evidence. *United States v. Ward*, 16 M.J. 341, 348 (C.M.A.1983).

Military Rule of Evidence 301(f)(3) clearly sets forth the effect of a pretrial claim of privilege against compulsory self-incrimination:

The fact that the accused during official questioning and in the exercise of rights under the Fifth Amendment to the Constitution of the United States or Article 31, remained silent, refused to answer a certain question, requested counsel, or requested that the questioning be termi-

---

* It is difficult to understand why Prosecution Exhibit 4 was admitted into evidence since Sergeant Ouellette was testifying as a witness. We note that written statements of three other witnesses who also testified for the prosecution were similarly admitted into evidence.

nated is inadmissible against the accused.

This rule follows the decisions of the United States Supreme Court in *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) and *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). *See* MCM, Appendix 22, A22–7, (1984).

■ Trial counsel was possibly attempting to show that appellant was not so drunk that he was unable to form the specific intent required for the offense of wrongful appropriation. Here his attempt has backfired, however, since the law is absolutely clear that it is improper to bring to the attention of the court members evidence that the accused exercised his pretrial rights to remain silent or to request a lawyer. *Wainwright v. Greenfield*, 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986); *United States v. Garrett*, 24 M.J. 413 (C.M.A.1987); *United States v. Fitzpatrick*, 14 M.J. 394 (C.M.A.1983); *United States v. Moore*, 1 M.J. 390 (C.M.A.1976); *United States v. Palumbo*, 27 M.J. 565 (A.C.M.R.1988); *United States v. Gillette*, 22 M.J. 840 (A.F.C.M.R.1986), *aff'd*, 25 M.J. 243 (C.M.A.1987), *cert. denied*, 484 U.S. 1011, 108 S.Ct. 710, 98 L.Ed.2d 660 (1988); *United States v. Velez*, 22 M.J. 637 (A.C.M.R.1986). The trial counsel in this case went too far in attempting to rebut appellant's claim of voluntary intoxication. This case is analogous to *Wainwright v. Greenfield, supra,* where the Supreme Court held that the prosecutor's reference to the accused's post-warning silence in an attempt to rebut the defense of lack of mental responsibility violated due process. Applying these rules, we find the trial counsel erred in providing evidence to the court members that the appellant had exercised his right to remain silent and to request a lawyer.

■ Since we have determined the admission of such evidence was error, we must now determine the effect of that error. We recognize that specific evidence of prejudice is not required to compel reversal based on constitutional error. *United States v. Moore, supra; United States v.*

*Gillette, supra.* Although not every constitutional error requires reversal, before such error can be declared harmless, we must be able to declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Moore, supra; United States v. Gillette, supra; United States v. Mobley*, 34 M.J. 527, 531 (A.F.C.M.R.1991).

■ The record shows that the only real issue in this case was whether the appellant could be found guilty of wrongfully appropriating the vehicle because of the extent of his voluntary intoxication. This issue was thoroughly litigated and there was conflicting evidence between the prosecution and defense witnesses as to the extent of appellant's intoxication. We note that the trial counsel in this case could have established the degree of appellant's intoxication by carefully asking questions without disclosing the appellant's exercise of his constitutional rights to remain silent and to consult counsel. As Justice Stevens stated in *Wainwright v. Greenfield, supra:*

> [T]he State's legitimate interest in proving that the defendant's behavior appeared to be rational at the time of his arrest could have been served by carefully framed questions that avoided any mention of the defendant's exercise of his constitutional rights to remain silent and to consult counsel. What is impermissible is the evidentiary use of an individual's exercise of his constitutional rights after the State's assurance that the invocation of those rights will not be penalized.

474 U.S. at 295, 106 S.Ct. at 640.

We are disturbed that there was no objection by the trial defense counsel to this inadmissible evidence. We also recognize that the prosecution did not refer to this inadmissible evidence in its argument on findings. The error is exacerbated by the fact the military judge failed to provide any curative instructions to the court members. Under the circumstances of this case, we cannot find beyond a reasonable doubt that the erroneous evidence of the appellant's exercise of his right to remain silent and

his right to counsel did not contribute to his conviction. As a result, we set aside appellant's conviction to the specification of Charge I.

We find no merit in appellant's third assignment of error. Affidavits filed with this Court from the Staff Judge Advocate and the NCOIC of Military Justice at Aviano Air Base, Italy, satisfy us that the appellant was served with the SJA Recommendation on 1 March 1991. *Cf. United States v. Wilson*, 33 M.J. 512, 514 n. 8 (A.F.C.M.R.1991).

In light of our set aside of one of appellant's convictions, we must reassess the sentence. We are satisfied that we can fairly determine the sentence that would have been adjudged absent the conviction we have set aside. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986); *see United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A.1985).

Since this was a special court-martial and the appellant was already an airman basic, the maximum punishment that could have been imposed for all or each of the offenses was a bad-conduct discharge, confinement for 6 months, and forfeiture of two-thirds pay per month for 6 months. The appellant received a rather lenient sentence for the offenses of which he was convicted. Also, the trial defense counsel, at the request of the appellant, argued for a bad-conduct discharge in lieu of confinement. Further, appellant's Air Force career was not noteworthy. Appellant's supervisor testified that he had no rehabilitation potential. The government introduced a prior Article 15, UCMJ punishment, imposed on 19 October 1990, for willful destruction of military property and failure to go at the time prescribed to his appointed place of duty. Also before the members was a letter of admonishment, dated 1 August 1990, for consuming alcoholic beverages in violation of the terms of his alcohol rehabilitation program, and a record of counseling, dated 16 January 1990, for failure to make a mandatory appointment.

Reassessment of a sentence to purge the effects of prejudicial error at trial does not always require a reduction of the sentence. *See Sales*, 22 M.J. at 309. Based on the evidence properly before the court members, upon reassessment we are convinced the adjudged sentence is no greater than that which would have been imposed if the prejudicial error had not been committed. Article 59(a), UCMJ; *Suzuki*, 20 M.J. at 249. We also find the reassessed sentence to be appropriate. It is befitting the appellant and his offenses. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988).

Accordingly, the findings of guilty, as modified, and the sentence as reassessed are

AFFIRMED.

Senior Judge O'HAIR and Judge RIVES concur.