BAKER, Judge
(concurring in part, dissenting in part, and concurring in the result):
The defense theory of coercion opened the door to rebuttal. Fair rebuttal included the Government’s argument that when Appellant said he wanted to see a lawyer, he did not in fact see a lawyer. This suggested for the purposes of rebuttal that Appellant may not have felt the degree of coercion he subsequently argued compelled him to sign a false confession. It is also noteworthy that Appellant, not the Government, initially opened the door to this line of reference.
That is not all trial counsel did. Trial counsel also stated “[i]f he was innocent, the government is arguing, he would have gone and seen a lawyer, and used that shield.” That is a bridge too far, for it does not address and rebut the claim of false confession, nor was it “fair response” to defense counsel’s argument. It was improper comment on the right to counsel as evidence of guilt or innocence, not lack of coercion. See United States v. Riley, 47 M.J. 276, 279 (C.A.A.F.1997) (quoting United States v. Moore, 1 M.J. 390, 391 (C.M.A.1976)). While *117 it is true that a person who confesses to a crime they did not commit “falsely confesses,” that does not mean that any argument addressed to innocence rebuts a claim of false confession. In our system, the exercise of the right to counsel is not proof of guilt or innocence.
Since Appellant did not open that door, trial counsel’s argument was not fair rebuttal. It was obvious error. The principle at stake is fundamental to a system of justice premised on the right to counsel and the adversarial role of lawyers. Therefore, this Court should not duck the issue, but should say so.
Nonetheless, I conclude that this error was harmless beyond a reasonable doubt for the reasons stated in the lead opinion.