ERDMANN, Judge
(concurring in the result):
I agree with the ultimate resolution in this case: assuming that the references by witnesses and trial counsel to Moran’s invocation of his constitutional rights were plain error, any such errors were harmless beyond a reasonable doubt. I write separately, however, as I do not join in those portions of the majority opinion that address issues not necessary to reach that result.
Despite the “if error, harmless” resolution, the majority suggests that the admission of statements about Moran’s invocation of rights may have been admissible. I certainly recognize that in some cases, testimony about a defendant’s invocation of rights may be admissible. However, routine disclosure of the fact that an accused has asserted his constitutional rights should not be sanctioned under the guise of setting forth a chronology of events or merely to establish the “res gestae” of an offense. The rules dealing with *189 admissibility of assertions of constitutional rights are rules of prohibition. See, e.g., Military Rule of Evidence (M.R.E.) 301(f)(1); United States v. Gilley, 56 M.J. 113, 120 (C.A.A.F.2001) (assertion of Fifth Amendment rights generally inadmissible); United States v. Turner, 39 M.J. 259, 262 (C.M.A.1994) (refusal to consent may not be considered as evidence of criminal conduct). Exceptions to these rules of prohibition are carved out of unique circumstances not present in this case.
In this case, any relevance that might be ascribed to Moran’s assertions of rights is substantially outweighed by the risk that the members, without guiding instruction from the military judge, would use that evidence to improperly infer guilt or consciousness of guilt.
It is the well-settled law of this Court that it is improper to bring to the attention of the triers of fact that an accused, upon being questioned on an occasion prior to trial, asserted his rights to counsel or to remain silent____ This principle is founded upon the open-eyed realization that to many, even to those who ought know better, the invocation by a suspect of his constitutional and statutory rights to silence and to counsel equates to a conclusion of guilt — that a truly innocent accused has nothing to hide behind assertion of these privileges.
United States v. Riley, 47 M.J. 276, 279 (C.A.A.F.1997) (quoting United States v. Moore, 1 M.J. 390, 391 (C.M.A.1976)); see also M.R.E. 403 (excluding relevant evidence where “probative value is substantially outweighed by the danger of unfair prejudice”).
The record of trial presents nothing suggesting that evidence relating to Moran’s refusal to consent to giving a hair sample or evidence reflecting that Officer RF did not ask why Moran shaved his body because Moran had previously asserted his right to counsel were critical components of the Government’s ease or even necessary to give context to other evidence. Given the ultimate resolution of this case, speculation as to why these references to Moran’s assertions of rights may have been admissible is simply not necessary. I therefore do not join that portion of the majority opinion that discusses alternative theories of admissibility.
For similar reasons I do not join that portion of the majority opinion discussing implied consent or the admissibility of refusal to consent to blood extraction under state implied consent laws. This case does not deal with implied consent: Officer JF testified that once at the hospital he “offered [Moran] a consent form [for the blood test] because the hospital requires some form of written verification that he is giving the samples, at which time he refused to sign it.” There was no testimony or evidence relating to any Mississippi requirement for consent under state law. In addition, the Military Rules of Evidence have no exception for admitting refusal to consent under state implied consent laws. Thus, Miss.Code Ann. § 63-11-41 (1972) is not relevant to this case. Again, I decline to join in the speculation as to what circumstances, not present in this case, might support admissibility of Moran’s refusal to sign a consent form.
I concur in the result.