## UNITED STATES

v.

**Airman Michael R. DULUS, FR 585–21–5406, United States Air Force.**

**ACM S25450.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 Oct. 1981.

Decided 4 June 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of disobedience of an order of a noncommissioned officer, violation of a general regulation by possessing drug paraphernalia, disrespect toward a commissioned officer, wrongful appropriation, and wrongful possession of marijuana in violation of Articles 91, 92, 89, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 892, 889, 921, 934.[1] He was sentenced to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $300.00 per month for three months, and reduction to airman basic.

I

After the accused was placed in pretrial confinement his commander directed that an inventory be conducted of the accused's station wagon located in the barracks parking lot. The commander had wanted the vehicle put in the impound lot, but the Security Police would not accept it until the accused's personal items were inventoried. The Security Police did not want to accept liability for items in the vehicle should they later be found missing. *See generally* Air Force Manual 112-1, Claims Manual, para. 6–h(1) and (2), 1 December 1972, Change 6 (7 August 1981). The accused was moving from his barracks, and the commander was concerned for the safety of the personal property, i.e., stereo equipment, television, etc., that was left in the car. The inventory

---

1. The military judge dismissed multiple specifications of failure to repair.

disclosed a small box containing marijuana in the gear shift well.

The military judge held the inventory of the accused's car was administrative in nature and was directed to protect the high value items in the vehicle from theft. He further held the inventory was conducted in a reasonable manner and was not a subterfuge to search without probable cause.

At trial and on appeal the accused argues the inventory was unlawful as it violated his Fourth Amendment right against an unreasonable search and seizure of his locked private vehicle. Further, he contends there was no regulation that required the inventory be accomplished, and his consent should have been obtained prior to conducting the inventory.

The Government maintains the commander's action was proper and permitted under Mil.R.Evid. 313(c),[2] and the seized contraband was admissible.

■ Mil.R.Evid. 313(c) codifies established previous law permitting admissibility of evidence discovered during administrative inventories. In *United States v. Welch*, 19 U.S.C.M.A. 134, 41 C.M.R. 134 (1969), Judge Darden, writing for the majority, stated:

> Within the constitutionally permissible sphere are those inventories whose purpose is to secure the "safekeeping" of personal effects if they are not used as a subterfuge to effect an illegal search.

Stereo equipment and television sets are always tempting targets for thieves, and the commander's responsibility to insure that personal effects of his assigned personnel are protected does not end once they are placed in confinement. *See* Air Force Regulation 125–18, Operation of Air Force Correction and Detention Facilities, para. 2–24,

1 February 1981; Air Force Manual 67–1, USAF Supply Manual, Volume I, Part III, para. 76*b*(1), 16 June 1975.

■ Mil.R.Evid. 313(c) does not require that consent be obtained from the individual whose personal effects are to be inventoried, nor does it require that the inventory be compelled by regulation. The test is one of reasonableness. *United States v. Welch, supra.* If the inventory process is a legitimate, normal, and customary routine in military administration and not a subterfuge for an unlawful search, it will meet the test of reasonableness. *See United States v. Kazmierczak*, 16 U.S.C.M.A. 594, 37 C.M.R. 214 (1967). As one commentator observed, "As under pre-Rules practice, the matter will most often turn on the motive, intent, and good faith of the commander who initiates the intrusions." S. Saltzburg, L. Schinasi, and D. Schueter, Military Rules of Evidence Manual 125 (1981).

■ We are convinced, as was the military judge at trial, that the inventory directed by the accused's commander was a legitimate effort to protect the accused's personal property. This being so, the marijuana discovered during the course of that inventory was admissible. *Cf. United States v. Weiss*, 11 M.J. 651 (A.F.C.M.R. 1981).

II

The remaining assigned errors are resolved adversely to the accused. The findings of guilty and the sentence are

AFFIRMED

POWELL, Senior Judge, and MILLER, Judge, concur.

---

2. Rule 313. Inspections and Inventories in the Armed Forces

(a) *General rule.* Evidence obtained from inspections and inventories in the armed forces conducted in accordance with this rule is admissible at trial when relevant and not otherwise inadmissible under these rules.

\* \* \* \* \* \*

(c) *Inventories.* Unlawful weapons, contraband, or other evidence of crime discovered in the process of an inventory, the primary purpose of which is administrative in nature, may be seized. Inventories shall be conducted in a reasonable fashion and shall comply with rule 312, if applicable. An examination made for the primary purpose of obtaining evidence for use in a trial by court-martial or in other disciplinary proceedings is not an inventory within the meaning of this rule.