**UNITED STATES, Appellee,**

v.

**Private First Class Sadat-Abdul JASPER, SSN 329–48–0326, United States Army, Appellant.**

**CM 441979.**

U.S. Army Court of Military Review.

1 Aug. 1983.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major James F. Nagle, JAGC, and Captain John D. Martin, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before HANSEN, McKAY and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:

Appellant was convicted, contrary to his pleas, of desertion and of two specifications of larceny in violation of Articles 85 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 921 (1976), respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for eight years and six months, forfeiture of all pay and allowances, and reduction to Private E-1. The convening authority approved the sentence.

Appellant contends that an envelope and a letter contained therein were improperly admitted into evidence against him because they were seized during an unlawful inventory of his offpost apartment in the Federal Republic of Germany. Specifically, appellant argues that an inventory is condoned under the Fourth Amendment only insofar as it serves a legitimate military need, but in this case appellant's reasonable expectation of privacy outweighs any governmental interest.

"It is well settled that the private possessions of a member of the military are not open to indiscriminate search for evidence of criminal conduct." *United States v. Kazmierczak,* 16 U.S.C.M.A. 594, 600, 37 C.M.R. 214, 220 (1967). *See* Mil.R.Evid. 313(c). However, "the inventory process is a legitimate, normal, and customary routine in military administration." *Id.* at 601, 221. An inventory does not violate the Fourth Amendment prohibition against unreasonable search and seizure, where the procedure is legitimately based, properly conducted and not used as a pretext for an illegal search. *Id. United States v. Welch,* 19 U.S.C.M.A. 134, 41 C.M.R. 134 (1969); *United States v. Hines,* 5 M.J. 916 (A.C.M.R. 1978); *see United States v. Dulus,* 13 M.J. 807 (A.F.C.M.R.), *pet. granted* 14 M.J. 174 (C.M.A.1982). Appellant does not contest the manner in which the inventory was conducted nor does he suggest that the procedure was in any way a pretext for a search of evidence of criminal conduct.

Appellant argues that there existed no legitimate military interest in the personal property located in appellant's offpost apartment. We disagree. Appellant's argument overlooks the fact that appellant's unit was stationed overseas and his apartment located in a foreign country. Not knowing what, if any, military property appellant kept in this apartment, and what degree, if any, the apartment was secured against intruders, it was imperative

that the commander take steps to inventory and secure the property in light of appellant's continued absence. Such innocuous items of military property as Army fatigues become critical overseas where entry onto military installations is tightly controlled. We hold that where a servicemember stationed in a foreign country is dropped from the rolls due to continued absence, his unit commander has a legitimate interest in conducting an inventory of personal property located in the servicemember's off-post apartment. However, the commander's interest does not extend to carte blanche authority to go through or read any personal files, papers and mail found in such an apartment.

█ Under the facts of this case, we find the inventory, to include looking inside the envelope and reading the letter admitted as Prosecution Exhibit 12, was reasonable and did not exceed the scope of the command authority. The letter was discovered when it fell out of some papers being removed from a closet with other items. The outside of the envelope indicated it was addressed to someone other than the appellant or anyone else known to have lived in the apartment, was "registered," "insured" and had customs stickers on it indicating it contained a chain of $75.00 value. Under these circumstances the sergeant who found it was fully justified in looking inside the envelope and looking through the contents, to include reading the letter, in order to locate and safeguard the chain of $75.00 value. Being otherwise relevant and material, the letter and envelope were properly admitted into evidence under Mil.R.Evid. 313(c).

We have considered appellant's other assignments of error and find that they lack merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge McKAY concur.